### Thomas Lothrop *versus* Ambrose Arnold.

By the Rev. Stat. c. 138, and the additional act to amend that chapter, April 7, 1845, either party may file exceptions to any decision of the District Court accepting or rejecting a report of referees; and the judgment of that Court in accepting, rejecting or recommitting a report of referees, is deemed so far a matter of law as to be subject to revision in the Supreme Judicial Court, with discretionary power to accept, reject, or recommit the same according to the equity of the case.

An officer is not authorized by virtue of a precept against one person to take and sell the property of another, unless he has so conducted himself as to forfeit his legal rights; but the officer must ascertain at his own risk, being entitled to require indemnity in doubtful cases, that the property to be taken and sold is the property of the person against whom he has a precept.

An officer may lawfully take personal property owned by tenants in common by virtue of an execution against one of them, and sell the interest of that one, and deliver the property to the purchaser; but he cannot lawfully sell the share of the other tenant in common, and he would by such an act become a trespasser, so far as it respects that share of the property.

The general rule is, that tenants in common must join in an action to recover damages for an injury to the common property; but where there is no joint injury, and the tenants in common are not jointly interested in the damages, the remedy may be by a several action.

But in such case if the action is several, when it should have been joint, and there is no plea in abatement, the objection cannot be taken upon a hearing upon the merits.

Trespass to recover the value of an ox wagon, a double harness, a sleigh and a horse. The defendant admitted the taking, and justified it as an officer, on executions against John Lothrop, as whose property he had seized and sold the same.

This action was referred in the District Court to three referees. Their report was as follows: — "Pursuant to the foregoing rule, we have met at the office of E. V. in Union, on the sixth day of February, 1845 — the parties were in

attendance with their counsel — and having heard the parties, their evidence and arguments from day to day, till the eighth day of said February, and having maturely considered their respective pleas, proofs and arguments, we have determined, and this is our final award and determination in the premises, that the property in the wagon mentioned in the plaintiff's writ was in said John Lothrop and the plaintiff jointly, and that the plaintiff's interest in the same was worth twenty dollars; that the property in the harness was in the said John and the plaintiff in equal shares, and the plaintiff's interest in said harness was worth $2,00; and that the property in said horse and sleigh was in said John Lothrop. And it is our further determination, that the said Arnold was not notified, that the plaintiff had a joint interest in the wagon and harness, and that the said Arnold is justified in seizing and selling the same, as alleged in his brief statement; and it is our further determination, in order for a final settlement between the parties, that the said Arnold shall not be liable to the plaintiff for any money arising from said sale, and shall recover of the plaintiff half the costs of reference, taxed at $52,16, in the whole, and also one half of the defendant's cost of Court, to be taxed by the Court. And that sum shall be in full of all matters above referred." This report was signed by all the referees.

On the return of the report into Court, the plaintiff made several objections in writing to the acceptance thereof. After a hearing of the parties, REDINGTON, the presiding District Judge, at February Term, 1845, accepted the report, and the plaintiff excepted thereto.

*H. C. Lowell,* for the plaintiff, contended that the defendant was liable in this form of action. A seizure and sale by a sheriff of the whole of a chattel on an execution against a co-tenant will make him a trespasser *ab initio* as to the other. *Melville* v. *Brown,* 15 Mass. R. 82; *Weld* v. *Oliver,* 21 Pick. 559; *Walker* v. *Fitts,* 24 Pick. 194.

The referees exceeded the power given them by the rule of reference; and therefore the report should not be accepted, and the rule should be discharged. 6 Conn. R. 569; 2 Story's Eq. §

1253; *Bean* v. *Farnham,* 6 Pick. 274; *Boston Water P. Co.* v. *Gray,* 6 Metc. 168. The statute recently passed, authorizes the Court to discharge the reference, as well as to order a recommitment.

The rule should be discharged because, as was contended, the referees had misapprehended the law, and made an unjust and unreasonable award, as well as gone out of the authority given them.

*Ruggles,* for the defendant, said that the referees do not open the law for the revision of the Court. They had power to decide the law as well as the facts, and they have done so. This is conclusive of the matter, as no fraud is pretended. Case cited for the plaintiff from 6 Metc.; *Preble* v. *Reed,* 17 Maine R. 169.

The referees have not exceeded their power. They had full and complete authority, so far as this action is concerned. They had a right to disregard the form of action. And they merely say, that they have decided upon the merits, and intended to include the value of the articles, the amount the property sold for, and not merely damages for removing the property from one place to another.

But the referees decided rightly. The action cannot be supported by one tenant in common against a stranger. All the tenants must join in an action to recover damages.

The opinion of the Court was by

SHEPLEY J. — This case is presented by a bill of exceptions taken to the acceptance of a report of referees. This was formerly regarded as a discretionary power, and the exercise of it as not subject to a revision, in this mode. *Walker* v. *Sanborn,* 8 Greenl. 288. By the Revised Statutes, c. 138, § 13, it is provided, that either party may file exceptions to any decision of the District Court accepting or rejecting a report. And by the additional act of April 7, 1845, to amend that chapter, it is provided, that the judgment of the District Court in accepting, rejecting, or recommitting, the report of referees shall be deemed so far matter of law as to be subject upon

exceptions thereto to revision in the Supreme Judicial Court, with discretionary power to accept, reject, or recommit, the same according to the equity of the case.

The plaintiff brought an action of trespass against the defendant for taking and selling a wagon and harness and other property. The defendant admitted and justified the taking and selling as an officer, by virtue of certain executions in his hands for service against John Lothrop. The action having been referred a report was made to the District Court, in which the referees have stated, that the wagon and harness were the property of the plaintiff and of John Lothrop jointly; that the defendant was not notified of the plaintiff's joint interest in them; that he was justified in seizing and selling them; and that he should not be liable to the plaintiff for any money arising from the sale of them.

Two objections have been presented to the plaintiff's right to recover for the value of his interest in the property.

The first is, that the officer was not notified, that the plaintiff was a joint owner of the wagon and harness, before they were taken and sold. An officer is not authorized by virtue of a precept against one person to take and sell the property of another. He must ascertain at his own risk, that the property to be taken and sold is the property of the person against whom he has a precept. And he is not in doubtful cases obliged to take it without a full indemnity. The owner of property, against whom he has no precept, is not obliged to notify him before he will be entitled to maintain an action against him for taking and selling his property, unless he has so conducted with his own property as to forfeit his legal rights.

One tenant in common of personal property cannot be considered as having conducted, improperly or forfeited any of his legal rights, by allowing another tenant in common to have the possession and use of the property. The plaintiff may have so conducted with his own property as to prevent him from recovering for its value; but the report does not so state, and the Court is not advised of any such state of facts.

The other objection is, that the plaintiff alone cannot main-

tain an action of trespass to recover for the value of his share of the property. The officer might lawfully take the property by virtue of an execution against one of the tenants in common, and sell the interest of that one, and deliver the property to the purchaser, who would become a tenant in common with the other owner. But he could not lawfully sell the share of the other tenant in common, and he would by such an unlawful act become a trespasser, so far as it respects that share of the property. The general rule is, that tenants in common of personal property should join in an action to recover for an injury, because the injury is joint, and they recover joint damages. But the injury is not joint, when the share of one tenant in common has been lawfully taken and sold, for as it respects that one, the justification is complete. The tenants in common do not suffer a joint injury, and they are not jointly interested in the damages to be recovered. *Melville* v. *Brown*, 15 Mass. R. 82.

If the law had required in this case, that both the tenants in common should have joined in the action, as the defendant has not pleaded in abatement, he could not make the objection upon a hearing on the merits. *Addison* v. *Overend*, 6 T. R. 766.

The state of facts, as presented by the report, are such as to induce the Court to recommit it, that the referees may have opportunity for further consideration.

*Report recommitted.*