# SUPREME COURT

OF THE

## TERRITORY OF WISCONSIN,

AT THE

## JULY TERM, 1845.

---

### WARREN v. ALLER et al.

1. TENANTS IN COMMON — ACTIONS BETWEEN. One tenant in common of a chattel may maintain trespass against his co-tenant for a destruction of the property held in common.
2. SAME. One tenant in common of a chattel may maintain trover or trespass against his co-tenant where such co-tenant sells the entire chattel without his consent. The legal effect of such sale upon the rights of the injured party, is the same as in case of a destruction of the property.

ERROR to the District Court for *Rock* County.

Action of trespass commenced by *Warren* against *John Aller* and *Jesse Aller* and eleven others, for breaking and entering his close and taking and carrying away his wheat and other crops. The defendant pleaded not guilty and gave notice of special matter in justification.

The facts proved at the trial are substantially stated in the opinion of the court. The district court charged the jury:

1. "It has been attempted to be proved, and if it was proved that *Jesse Aller* had rented one half of the field

on which the wheat grew and *John Aller* the other half, *Warren* to furnish seed, plough, etc., and to have one half of the grain raised; and it was further proved that *Jesse Aller* and *John Aller* worked together all over the field; and if it was further proved that *Warren* and *Jesse Aller* agreed that *Jesse Aller*, instead of taking his share, to wit, one-half of the grain raised on one-half of the field rented by *Jesse Aller*, should take a fourth all over the field, this would make *Jesse* a tenant in common with *Warren* all over the field. It was attempted to be proved that the same agreement extended to *John;* if the same agreement was made with him, *John*, and he worked all over the field, it would make him a tenant in common all over the field."

2. "It has been contended by the counsel for the plaintiff that, as by the terms of the contract, the wheat was to be put into shocks, and then each party to take every other shock, that neither party would have a right to take the whole. The law is, that the possession of one tenant in common is the possession of all, and that as such either could haul and stack the whole, and not thereby be made liable to the others in trespass."

3. "It has been contended by the counsel for the plaintiff that a sale of the whole chattel owned by tenants in common works such a destruction as would entitle the other to maintain against his co-tenant an action of trespass or trover, that is the decision of a judge in the State of New York; the express contrary doctrine is contained in Saunders, taken from Chitty and others; the distinction is a nice one, and I will not undertake to say which is correct. But one thing is certain, that in point of fact, a mere sale is not a destruction."

Verdict for the defendants, and a motion made by the plaintiff for a new trial, on the ground of error in the instructions of the court, and that the verdict was contrary to law and evidence, was overruled and judgment rendered against the plaintiff for costs.

*J. H. Knowlton,* for plaintiff in error. In all cases where trover will lie for a tortious taking, trespass can be maintained (7 Cowen, 139–735; 15 Wend. 79; 8 id. 610; 9 Johns. 108; 1 Chitty's Plead. 122), and one tenant in common may maintain trespass against his co-tenant where the chattel, which is the subject of the tenancy in common, has been destroyed by him; and the law is the same in the case of a wrongful sale of the property by one tenant in common. 3 Johns. 174; 2 Kent's Com. 350, note 13; 3 Starkie on Ev. 1495; 1 Chip. 241; 7 Wend. 354.

*David Noggle* and *Edward V. Whiton,* for defendant in error.

A mere sale by one tenant in common is not a destruction of the property of his co-tenant, and trespass cannot be maintained by him. All the cases which establish a liability in such a case have been actions of trover. The charge of the court on this point is sustained by 2 Wm. Saund. 47, n. g.; 4 East, 110; 1 Chitty's Plead. 172; 2 Johns. 468.

DUNN, C. J. The plaintiff in error *Warren,* who was plaintiff below, brought his action of trespass against the defendants, in the district court of Rock county, and at the September term, 1844, the case was tried on the issue taken on the plea of not guilty, with notice of justification. It was proven on the trial, that about the 1st July, 1842, the plaintiff had let his field (the close where the trespass is charged to have been committed) to the defendants *John Aller* and *Jesse Aller,* in separate contracts; the south half to *John Aller,* and the north half to *Jesse Aller,* to work on the same conditions that one Charles Wardle had previously agreed to work the said north half of the field. The terms of the letting thus agreed on, by reference to the contract with Wardle, are among other things, "that the defendants were each to put in not less than 40, nor more than 50 acres of winter wheat; the ground to be well ploughed and harrowed,

and the seeding completed on or before the 10th day of September; the remainder of the ground to be well ploughed and put into spring crops of corn, oats, potatoes, peas, beans and barley,. the quantity varying according to the condition of the ground, and all the spring crops to be planted and sowed in proper season; all crops to be cut, gathered and secured in good season, and in a proper and cleanly manner; all, *including plough-ing, harrowing, seeding and harvesting, to be done in a husband-like manner*; the defendants to give the plaintiff one-half of all the crops, to be divided in the following manner : Wheat and oats to be cut and bound in bundles, and put in shocks of one dozen each, with caps, each party then to take every other shock," etc.  Other facts, immaterial to the question upon which this case must turn, were proven on the trial; and then it was proven that defendants, without division, according to the terms of letting, took and carried away from said field a large quantity of wheat in bundle, taking every shock as they came to it, forbidding the plaintiff from taking any of the wheat, and compelling him, at one time, to quit the field; that defendants carried the wheat from the field, to a Mr. Winston's farm, about a half a mile distant, and stacked the same.  A witness testified that some short time after he heard a contract of sale between one of the defendants, *John Aller*, and one Osborn, of some wheat, five or six stacks, at Winston's farm, but did know what wheat it was.  The jury returned a verdict for the defendants, under the instructions of the court, upon the points raised.

There are several errors assigned on the instructions, and one on the ruling of the court, permitting the defendants to introduce and read as evidence on the trial the record of said court, of the proceedings on a reference and award between the plaintiff and one of the defendants (*John Aller*), to rebut the testimony of witness John Warren, introduced by plaintiff, in which testimony the witness testified, that "it was referred to the arbitrators

to determine how much the plaintiff was bound to pay defendant *John Aller*, for his services in putting in the fall crop of wheat on said south half of the field." We do not consider this ruling of the court material to the dispositions of the case in this court. We may assume that the court might properly have ruled out this portion of the witnesses' testimony, for the reason that the reference and award were the best evidence on this point, but it being received for the plaintiff's advantage, he cannot object to the introduction by defendants, of the reference and award, to rebut witnesses' testimony. And the objections, that they were not pleaded, and were not between the same parties, do not apply. The error assigned on the instruction of the court, "that a mere sale is no destruction of the property, for which an action of trespass will lie," is, necessarily, from the evidence, the material question to be decided.

The fact of sale was of course, an inquiry for the jury, and was the main ground of recovery in the plaintiff's case in the form of action adopted. The principle is well settled, that one tenant in common of a chattel, may maintain trespass against another for a destruction of the property held in common. 1 Chitty, 79, 173 ; Co. Lit. 200, (a). And the reason assigned is, because his interest therein is thereby determined.

It was a question, whether a sale of the whole chattel would entitle one tenant in common to an action of trover or trespass against another, but it seems to be now well settled by the modern decisions, that in such cases the action of trover or trespass lies in favor of the injured party. Litt. § 323 ; Co. Litt. 200 (a) ; *Wilson v. Reed*, 3 Johns. 175 ; *Femnings v. Greenville*, 1 Taunt. 241 ; *Barton v. Williams*, 5 Barn. & Ald. 395 ; *Farr v. Smith*, 9 Wend. 338 ; *Mersereau v. Norton*, 15 Johns. 179 ; Chipman's Rep. 242 ; 7 Wend. 357.

The distinction attempted to be drawn, that for such injury, trover lies and not trespass, is not established or

recognized in the decisions. Either action may be maintained. 2 Kent's Com. 250, note (a).

The effect and tenor of the ruling of the court in the instruction is, that for a sale by defendants of the chattel, held in common with plaintiff, the plaintiff could not recover in the action of trespass; though not given in these precise terms. It is said in the decisions, that a distinction has been attempted between the sale of a chattel and a tortious destruction, but that is a distinction not maintainable. There is unquestionably a difference in the meaning of the terms when defined, but their legal effect upon tenants in common is the same, and trover or trespass will lie for either, in favor of the party injured.

The other instructions of the district court, were mainly upon such facts as constituted the plaintiff and defendants (*Allers*) tenants in common, and are not important to be here considered.

We are of opinion that the court erred in the instruction given, and should have instructed that a sale of the whole of a chattel by one tenant in common, is an injury for which the other may maintain trover or trespass. The court also erred in overruling the motion for a new trial.

Ordered that the judgment of the district court be and the same is hereby reversed, with costs, and this cause remanded to said court for further proceedings.