# Pruitt *v.* Ellington.

## *Trespass.*

1. *The distinction between action on the case and trespass is preserved.*
The Code preserves the distinction between an action on the case and an
action of trespass.

2. *Trespass is the remedy for a tort intentionally committed with force.*
If a tort be intentionally committed with force, the immediate consequence
of which is injury, trespass is the appropriate remedy; if on the other hand,
the injury proceeds from mere negligence, case is the proper action.

[Pruitt v. Ellington.]

3. *Trespass is not the remedy for an injury caused by negligence.*—Under a count in trespass, evidence of an injury resulting from the negligence of the defendant will not authorize a recovery.

4. *Damages for injury to a growing crop can not always be recovered.* Damages for injury to a growing crop can not be recovered unless it was enclosed by such a fence as the Code requires.

*A contract to divide the products of a farm creates a tenancy in common of the products.*—A contract of lease which provides that the lessor and lessee of the land, shall divide the products between them, creates a tenancy in common of the products ; and they should join in an action to recover damages for injuries done the growing crops.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

Jesse Ellington commenced this action at the spring term, 1876, of the Circuit Court of Lowndes county, against Mc-Cormick Pruitt, to recover damages for injuries done by the trespass of the defendant's mules and horses upon the crop of the plaintiff.

On the trial it was proven that the plaintiff was the lessee of the land of the defendant upon which the trespass was committed. "The plaintiff and Artemus Peagler cultivated on shares one part of the said premises, and were equally interested in the crops of corn and cotton grown thereon in 1875 ; and the plaintiff and Barrister Scott cultivated another part of the said premises on shares, and had equal interest in the crop produced thereon during the year 1875." It also appeared from the evidence that the greatest injury suffered by the trespass of the defendant's stock was done on the crops cultivated by plaintiff and Peagler, and on those of the plaintiff and Scott. The stock of the defendant repeatedly trespassed upon the said premises; and although informed of such trespass, the defendant did nothing to prevent its repetition. It was also shown that "the fences around the premises or enclosures in which the plaintiff's crops were grown were not five feet high, and in many places were not more than three and one-half feet high, and were otherwise insufficient to prevent stock running at large from getting into the fields. The testimony tended to show that all the damage done to the crops was the result of stock running at large; and on several occasions the plaintiff's own stock were found in said fields when the crops were growing." There was evidence showing that "when plaintiff leased said farm from defendant, it was agreed between them that plaintiff was to to repair the fence around said farm, and the rent was reduced in consequence of the plaintiff's agreement to make such repairs."

Two witnesses testified "that they were set to watch by

night, and caught the defendant in the act of pulling down the fence at eleven o'clock at night and letting his stock to trespass."

The court, among other matters, charged the jury "that if they found from the evidence that the plaintiff rented the land upon which it is said the trespass was committed from the defendant for the year 1875, and that the plaintiff, with others, were jointly cultivating a growing crop of corn and cotton; and you find that the defendant was repeatedly informed of the trespass being committed by his stock on the plaintiff's corn and cotton, and you find, after such notice, defendant continued to permit his stock to trespass on plaintiff's corn and cotton, or you find defendant actually took down plaintiff's fence, and let in his stock upon plaintiff's corn and cotton, whereby damage was done, then, in either event, plaintiff is entitled to recover, notwithstanding the statute requiring a fence of a specified description." To this charge the defendant excepted, and asked the court to give the following written charges:

1. "If the proof shows the damage complained of did not occur by some unlawful act of Pruitt, but only by neglect in keeping up his stock, then the plaintiff can not maintain this action, and the verdict must be for the defendant.

2. "That if the only damage to plaintiff resulted from the neglectful allowing Pruitt's mules or horses to go at large, and there was no act of Pruitt, his agents or servants, directing the horses or mules to be put in plaintiff's field, then any damage which resulted from the stock getting into plaintiff's field without the agency of Pruitt can not be recovered in this action.

3. "That unless the plaintiff's enclosure was a fence five feet high, he can not recover for any damage done by Pruitt's mules and horses, unless the stock were put into plaintiff's field by Pruitt, his agents or servants, and that no damage which resulted from the running at large of Pruitt's stock can be recovered in this suit, unless the plaintiff had a lawful fence at the time such damage was done.

4. "That if the evidence shows the corn or cotton to which damage was done, belonged in equal shares to Ellington, the plaintiff, and Peagler, or Ellington and Barrister Scott, then only the damage done to the share of the crop belonging to Jesse Ellington can be recovered in this action, if the plaintiff is entitled to recover at all."

The court refused to give all the foregoing charges, and to such refusal the defendant severally and separately excepted.

[Pruitt v. Ellington.]

WILLIAM R. HOUGHTON, and WATTS & SONS, for appellant.—1. The Code carefully preserves the distinction between actions of trespass and case. They can not be joined in one action.—42 Ala. 651 ; 35 Ala. 202. This is an action of trespass.

2. The charge given by the court abolished the distinction between the actions of trespass and case. Damages for permissive negligence (with perhaps the exception of animals known to be vicious), which occur without the agency or concurrence of the master or owner of animals, can not be recovered in this action—trespass.—22 Ala. 629 ; 49 Ala. 240.

4. The first charge requested by defendant should have been given. It asserts that proof of unlawful force by defendant is necessary to support action of trespass.—22 Ala. 568, 629 ; 49 Ala. 240. The second charge asserts, defendant was not liable in an action of trespass like this, for acts of his animals done without his knowledge, agency or consent. Authorities *supra*.

5. The third charge asks for the protection afforded the defendant by section 1283 of the Revised Code. The proof shows the fence was not a "lawful fence."—20 Ala. 379 ; *Dillard v. Webb*, in manuscript. The last charge should have been given. It confined the jury to the point at issue.

CLEMENTS & ENOCHS, and R. M. WILLIAMSON, for appellee.

BRICKELL, C. J.—The distinction between an action on the case, and an action of trespass, is in effect, though not in terms preserved by the Code. For a tort committed with force and intentionally, the immediate consequence of which is injury, trespass is the appropriate remedy. If the injury proceeds from mere negligence, or is not the immediate consequence of the tort, case is the appropriate remedy.—*Bell v. Troy*, 35 Ala. 184. A failure to observe this distinction, is the error pervading the instructions given, and the refusal of instructions by the Circuit Court. Each count of the complaint is in trespass, averring an intentional and forcible injury. Evidence of an injury resulting from the negligence of the defendant in permitting his stock to run at large, though he may have known of their propensity to break the plaintiff's enclosures and trespass on his growing crops, would not authorize a recovery.

It is the right of every owner to permit his cattle and stock to run at large ; those who would avoid injuries to their lands from the exercise of this right, must enclose

against them.—*N. & C. R. R. Co. v. Peacock,* 25 Ala. 229; *M. & O. R. R. Co. v. Williams,* 53 Ala. 595. The statutes with particularity prescribe the character of the enclosure, the owner of lands must provide, to protect himself against the intrusions of cattle or stock running at large; and in express words declare that "if any trespass or damage is done by any animal breaking into lands not inclosed," as is prescribed, the owner is not liable therefor. Not only is the owner of the animal absolved from liability, but if the owner or occupant of the land injures or destroys such animal, he is liable for five times the amount of such injury.—R. C. §§ 1282–83. The third instruction requested by the appellant should consequently have been given, if the form of the action had been adapted to a recovery for a mere consequential injury.

A contract by which the tenant of land lets it to another for cultivation on an agreement for a division of products, creates between them a tenancy in common in the products. *Williams v. Nolens,* 34 Ala. 167; *Strother v. Butler,* 17 Ala. 733. Unity of possession is of the very essence of a tenancy in common.—*Thompson v. Mawhinney,* 17 Ala. 362. In actions for injuries to the possession they should join, not sever.—Chit. Pl.; *Austin v. Hall,* 13 Johns. 286. The injury is single, indivisible, and incapable of being split up, into as many separate actions, as there may be tenants. There are causes of action, in which they must, or may sever, and when they do sever, the recovery is graduated to the interest of the tenant suing.

The judgment is reversed, and the cause remanded.