# Lowery v. Rowland *et al.*

*Action on the Case to recover Damage to Reversionary Interest in Lands by Cutting Timber therefrom.*

1. *Widow's quarantine rights; not authorized to do or permit permanent injury to the inheritance.*—The widow of an intestate is entitled, until assignment of dower, to the possession of her husband's dwelling house, with its appurtenances, and the plantation connected therewith, and in the enjoyment of this right, she is entitled to a reasonable amount of wood from the land for fuel, fences and other necessary improvements; but she can not herself, or authorize any one else to, destroy the timber on said lands, nor do any other permanent injury to the inheritance.

2. *Set-off; not pleadable in an action on the case.*—In an action on the case, set-off or recoupment of damages is not pleadable.

3. *Suit by several co-tenants; defense as to one good as to all.*—Where several heirs-at-law, who are co-tenants, sue to recover damages for injury to their reversionary estate by cutting timber therefrom, a plea that sets up that the trees were cut by the consent and direction of one of the plaintiffs, presents a good defense to the action; the plaintiff who consented to the cutting could not recover, and all the plaintiffs suing in the same right, they must all be entitled to recover, or none can.

4. *Same; when action severable.*—For injury to the common inheritance in land, all the heirs must sue; but when, for any reason there is no joint interest between the heirs in the damages, the remedy is severable.

5. *Right of one or more to sue for injury to reversionary interest in lands.*—Any one or more of several heirs-at-law, entitled as tenants in common to a reversionary interest in lands, may sue for injuries to their estate; but the recovery in such suit will be limited to the proportion of damages those suing are entitled to.

6. *Same; amendment of complaint by striking out some of the original plaintiffs.*—In an action by heirs-at-law, who are co-tenants, to recover damages for injury to their reversionary interest in lands, the complaint can be amended, after pleas are interposed, by striking out some of the original parties plaintiff.

7. *Injury to reversionary estate; measure of damages.*—In an action by heirs, as co-tenants, to recover damages for injury to their reversionary interests in lands, by cutting and destroying timber thereon, the measure of damages is the injury to the estate by reason of the destruction of the trees, and not the value of the timber cut; but the

parties to the suit may agree upon the value of the trees cut and removed by defendant as the basis of the assessment of the damages, and such agreement estops either party from complaining of the ascertainment of the damages recoverable on this basis.

8. *Injury to estate by cutting timber; charge of court to jury.*—In an action to recover damages for injury to a reversionary estate in lands, caused by cutting timber therefrom, where the parties to the suit have agreed upon the value of the trees cut as the basis of the ascertainment of the damages, a charge is properly refused which instructs the jury that if they could not "find from the evidence in this case to a reasonable certainty a definite number of trees which defendant cut, or directed to be cut and carried away from plaintiffs' lands, then, under the evidence in this case, the jury must find for the defendant;" such charge being too exacting, since, the jury could find a verdict for the number of trees they were reasonably satisfied were cut.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

This was an action on the case, brought by the appellees against the appellant, to recover damages, alleged to have been done by the defendant to the reversionary interest of the plaintiffs in certain lands described in the complaint, by cutting and carrying away and converting to his own use valuable timbers therefrom. The suit, as originally brought, was in the name of the twelve heirs-at-law of James Rowland, deceased. The complaint was afterwards amended by striking from the plaintiffs mentioned therein the names of P. L. Rowland, L. E. Braden and J. B. Rowland. The allegations of the two counts which were added by amendment, after demurrers were sustained to the original complaint, are sufficiently stated in the opinion. To these two counts the defendant pleaded, first, the general issue, and second, the statute of limitations of one year; and the following special pleas: 3d. "That this defendant in person neither cut nor removed any trees or timber off of the lands described in plaintiff's complaint; and that all trees which were cut and timber removed from said lands by agents or at the request of this defendant were cut and removed by the express consent, direction and instructions of Parzetta Rowland and P. L. Rowland, who were at said time in possession thereof." 4th. "That at the time of the alleged wrongs mentioned in plaintiff's complaint, Parzetta Rowland, widow of James

Rowland, deceased, was in the actual, rightful and legal possession of said lands, and that, as such rightful and legal possessor thereof, she put this defendant in possession of the same with instructions to cut and remove the timber therefrom.'' 5th. ''That at the time of the alleged cutting and carrying away of said timber, Parzetta Rowland was in the actual legal and rightful possession of said lands. That she held such possession of said lands at the time of the commencement of this suit, and that she now has and holds such possession of said land.''

6th. ''That before instructing any timber to be cut or removed from said lands this defendant turned over to and paid Parzetta Roland, who was at said time the natural guardian of the minors named as plaintiffs in this action, and as such natural guardian was in the legal and rightful possession of said lands, a large amount of money for the right and privilege of cutting and removing saw timber, which said money said Parzetta Rowland, as such guardian of said minors, used and appropriated to the use, comfort and benefit of said minor plaintiffs; and which said sum of money defendant offers to recoup against the demands and claims of said minor plaintiffs in this action.''

To the 3, 4, 5 and 6 pleas the plaintiffs separately demurred, on the ground that neither of said pleas showed that the said Parzetta Rowland had any right or authority to sell said timber, alleged to have been cut by the defendant, or to authorize the same to be cut, and that each plea failed to show that the said P. L. Rowland had any authority from the other plaintiffs to give the defendant consent to cut said trees. These demurrers were sustained, and issued was joined upon the plea of the general issue.

The other facts of the case are sufficiently stated in the opinion. The defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) ''If the jury believe all the evidence in this case, they must find a verdict in favor of the defendant.'' (2.) ''The court charges the jury that in this action, under the evidence, they can not find in favor of the plaintiffs for the value of the timber.'' (3.) ''If the jury can not find from the evidence in this case, to a reasonable certainty, a definite number of trees which defendant cut

[Lowery v. Rowland *et al.*]

or directed to be cut and carried away from plaintiffs' land, then under the evidence in this case the jury must find for the defendant."

There was judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the pleadings, and the giving of those portions of the general charge excepted to by the defendant, and in refusing to give the charges requested by him.

M. M. SMITH, for appellant.—1. Under the principles settled in *Cooper v. Watson*, 73 Ala. 252, and *Beatty v. Brown*, 76 Ala. 267, appellant's 3, 4 and 5 pleas were a full and complete defense to this action, and the demurrers to said pleas were improperly sustained by the circuit court.

2. In an action on the case by a remainderman in fee, for injuries done the inheritance, the proper and only measure of damages is the injury done such inheritance, and not the value of the timber, which may have been cut and removed, or the present damages to the property.—*VanDeusen v. Young*, 29 N. Y. 9 ; *Dutro v. Wilson*, 4 Ohio St. 101 ; *Chipman v. Hibberd*, 6 Cal. 162.

3. The value of the trees when cut was not a proper element of damages in this case, and the court erred in orally instructing the jury that if they found for the plaintiffs to assess the value of the trees, &c. Under all the evidence in the case written charge number two, as requested by appellant, should have been given.—*VanDuesen v. Young*, 29 N. Y. 9 ; *Dutro v. Wilson*, 4 Ohio St. 101 ; *Chipman v. Hibberd*, 6 Cal. 162.

W. M. BETHEA, *contra.*—1. The defendant can not complain of proof as to the value of the trees since it was agreed the value of the trees and the number cut were to be the measure of damages.—*Shelton v. State*, 73 Ala. 5 ; *Leonard v. State*, 66 Ala. 461 ; *Hill v. Huckabee*, 70 Ala. 183 ; *Curry v. Wilson*, 48 Ala. 638.

2. There was no error in the amendments allowed.—3 Brick. Dig., 31, §§ 68, 69, 70, 71 ; *Christian v. Morris*, 50 Ala. 585 ; *Jones v. Nelson*, 51 Ala. 471 ; *Boardman v. Parrish*, 56 Ala. 54.

HARALSON, J.—The original complaint consisted of five counts, some in trespass and trover, against defen-

dant, for having entered upon lands belonging to plaintiffs and cutting, carrying away and converting to his own use, the valuable timbers therefrom. A demurrer was interposed to the complaint, and to its different counts, which was sustained. Thereupon, the plaintiffs asked, and were allowed to file an amended complaint, in two counts, marked in the record, 1 and 4, to which the defendant made no objection, on any account, by way of demurrer, but to which he filed seven pleas.

The two counts constituting the amended complaint, were in case to recover damages done by the defendant to the reversionary interest of the plaintiffs in the lands described. The first set up in substance, that they owned a reversionary interest in said lands, subject to their mother's right of quarantine and dower; that said lands were the place of residence of James Rowland, (who was their father, and who, as the proofs show, died intestate in 1885) at the time of his death and before; that the estate of said James Rowland was solvent; that no administrator had ever been appointed on his estate and no dower had been assigned to his widow—their mother—Mrs. Parzetta Rowland, in said lands, nor had they been set apart to her as her homestead, exempt from administration; that plaintiffs are the only children and are the sole heirs of said James Rowland, deceased, and as such, they own said lands, subject to the quarantine and dower right of their mother, who, under such quarantine and dower right, had possession of said lands at the time the injuries complained of were done to their reversion in said lands by the defendant.

The second is like the first count, except that it shows the damage done to their reversion in said lands by defendant was committed between the first days of December, 1886 and 1891; that the defendant entered on said lands by virtue of a "release," executed to him by the mother of plaintiffs, to the timber growing on said lands; that they were residing with their mother on said lands, between the dates given when the said injuries were done to said lands by defendant, and that said lands were their property, subject to their mother's right of quarantine and dower. Under the Code, it may be well to state, that heirs take as tenants in common. Code, § 1923.

The first plea, was that of the general issue, on which issue was joined; the second, the statute of limitations

of one year, on which issue was joined, but of which no notice was afterwards taken ; the third, fourth, fifth and sixth were demurred to, and the demurrers sustained ; and the seventh, set-off, on which issue was taken, but which thereafter disappeared. The case was tried on the plea of the general issue.

1. The 3d plea, in its first part, is no more than the general issue, and in its latter part, is in the nature of a confession and avoidance, setting up, that the trees were cut by the consent, direction and instruction of Parzetta Rowland and P. L. Rowland, without showing any right or authority in either, or both, to give such consent and instructions.

Under our statutes, the widow of an intestate is entitled to retain, free of rent, until her dower is assigned, the possession of the dwelling house in which her husband most usually resided next before his death, with the offices and buildings appurtenant thereto, and the plantation connected therewith; but this right is not an estate in the land, is not alienable, and terminates when she loses the right to dower.—Code, § 1900 ; *Norton v. Norton*, 94 Ala. 481 ; 3 Brick. Dig., 321, § 4.

Mrs. Rowland, as doweress, was entitled, of common right, to reasonable wood off the land for fuel, fences, agricultural erections and other necessary improvements, but to no more. She could not, herself, nor could she authorize any one else to, destroy the timbers, nor do any other permanent injury to the inheritance.—4 Kent Com. 73 ; *Van Deusen v. Young*, 29 N. Y. 9.

This plea was, however, subject to the demurrer interposed, for that it alleges the trees were cut by the consent and direction of P. L. Rowland, one of the plaintiffs in the action, who was one of the co-heirs and co-tenants. If he gave his consent to the cutting of the trees, he could not recover, and if so, none of the plaintiffs—all suing in the same right—could, since, in such a case, all the plaintiffs must be entitled to recover or none can.— Freeman on Coten. & Part., § 356. But, this error was afterwards cured, in that the complaint was amended by striking out his name.

2. The 4th and 5th pleas were demurrable for the same reasons the 3d was.

3. The 6th is nothing more than a set-off, defective as such, and not pleadable to this form of action.—3

Brick. Dig., 741, § 52; *Whitworth v. Thomas*, 83 Ala. 309; *Russell v. Russell*, 62 Ala. 49; *Brooks v. Rogers*, 101 Ala. 111.

4. There was no error in the matter of the amendments to the complaint, which were allowed by the court without objection or exception on the part of the defendant. One of these amendments consisted in allowing the complaint to be amended by striking out three of the twelve parties suing as plaintiffs, including said P. L. Rowland, and prosecuting the suit to judgment in the name of the remaining nine. They were co-heirs and co-tenants in the lands of their father, and there are authorities which hold, that for an injury done to the common inheritance in land, the heirs must all sue.—*Thompson v. Mawhinney*, 17 Ala. 363; *Pruitt v. Ellington*, 59 Ala. 454; *Austin v. Hall*, 13 Johns. 286; Chitty on Plead., 14, 74, 75; Freeman on Cotenancy & Part., § 347. But, when for any reason, as there may be, there is no joint interest, and the co-tenants are not jointly interested in the damages, the remedy is severable. In such cases where less than the whole number sue, the recovery is graduated to the interest of those suing.—*Pruitt v. Ellington*, 59 Ala. 454, *supra; Lothrop v. Arnold*, 25 Me. 136; 1 Chit. on Pleading, 75 and note E. Here, nine of the twelve heirs are the plaintiffs, three originally joined having been stricken out of the complaint, without objection on the part of the defendant. The recovery should have been, not for the whole damages suffered to the inheritance, but for their proportionate share thereof.

5. The evidence in the case was without conflict and sustained the averments of the complaint. The estimates of the value of the trees cut and carried off the lands ranged from 25 to 50 cents, each, and there was evidence from which the jury could, with reasonable certainty, ascertain the number of trees that were cut and removed by defendant. The bill of exceptions shows, that the counsel of plaintiff and defendant agreed on the value of the trees cut and removed by defendant, as the basis of the assessment of damages. They so stated, according to the bill of exceptions, in the presence of the court, in response to enquiries submitted by the court, and proceeded to examine, each, his witnesses, to ascertain the number and value of the trees cut and removed. The number and value of these might be evidence tending to show

[Lowery v. Rowland *et al.*]

the damage to the inheritance and admissible as such; but, it is not the only and real criterion. The true enquiry is the injury to the estate of inheritance in reversion by destroying the trees.—*Clark v. Zeigler*, 79 Ala. 346; *Van Deusen v. Young*, 29 N. Y. 10; *Chipman v. Hibberd*, 6 Cal. 162; *Dutro v. Wilson*, 4 Ohio St. 101; 5 Amer. & Eng. Encyc. of Law, 36.

Inasmuch as the defendant agreed to this basis of estimating damages, he can not now be heard to assign it as error. An exception can not be based on a ruling of the court, which was induced by the party excepting.— *Shelton v. The State*, 73 Ala. 5; *Leonard v. The State*, 66 Ala. 461.

6. There was no error, therefore, in the first branch of the general charge to the jury, that if they were reasonably satisfied from all the evidence, that the defendant cut or caused to be cut and removed from the land described in the complaint the trees, and could reasonably ascertain from the evidence the number and value of the trees so cut and removed by the defendant, that they should find for the plaintiff. The objection of defendant to this charge was not based on any specified ground, and under the rule of damages agreed on by defendant, it was the first and proper hypothesis, which if true, entitled plaintiff to some recovery.

7. The succeeding part of the court's charge, which instructed the jury, that if they found for the plaintiff for the number and value of any pine trees cut and removed by defendant from said land, they should assess the value of such trees, and allow interest thereon from the time the trees were cut and removed, to the time of the trial, was not a proper instruction. Its vice is not in the instruction to allow interest, for that, under the rule of damages agreed on, was not improper (*Burns v. Cambell*, 71 Ala. 273) ; but, it consists in giving to a part of the heirs the total damage done to the whole inheritance, whereas, it should have been graduated to the interest of the heirs suing.

8. There was no error in refusing the 2d charge requested by the defendant.

9. We apprehend that the rule laid down for the computation of damages by defendant in the 3d charge asked and refused is too exacting. It required the jury to be satisfied to a reasonable certainty of a *definite* num-

ber of trees which the defendant cut, or else not to find for the plaintiffs at all for any thing. If the evidence gave them reasonable satisfaction, of the number, although they might not be certain of the very number— no less and no more—they might find a verdict for the number they were reasonably satisfied were taken. In civil cases, reasonable satisfaction, not satisfaction beyond reasonable doubt, is all that is required.

Reversed and remanded.