ANSELM HALEY ET AL. *v.* JOHN G. TAYLOR.

1. TRESPASS. *Cutting timber. Code* 1892, § 4412. *Statutory penalty. Good faith. Evidence.*

　　Evidence of a purchase by defendant of the timber from the occupant of land, and the latter's declaration at the time of his right to sell, are admissible on the question of good faith in a suit by the owner for the statutory penalty (code 1892, § 4412) for cutting trees.

2. SAME. *Tenants in common. Defense good as to one.*

　　The right of tenants in commor of land to sue for the statutory penalty for cutting trees is joint, and whatever bars one will defeat all of them.

3. SAME. *Right of one limited. Effect on others.*

　　The right of tenants in common to sue for trespass to land is joint, and the quantum of damages which one of them may recover is the quantum to which each of the others will be limited.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Haley and others, the appellants, were plaintiffs in the court below; Taylor, the appellee, was defendant there. The opinion state the facts.

*R. N. Miller,* for appellants.

There is no pretense of proof in the record that Taylor ever had authority to cut the timber from any source, from the five plaintiffs other than Albert, Henry and Jim Haley. As to the other five plaintiffs, two of them minors, the record shows a bare, wilful trespass, without any pretense of authority whatever, with full knowledge on the part of Taylor of both the boundaries and the title.

Section 4412, code of 1892, has been part of our statutory law

from the earliest times.   As written, the letter of the statute gives the penalty upon proof of any cutting upon the land of another without the owner's consent.   The courts have modified its rigor to some extent by holding that such cutting may be defeated by showing that it was done through accident or mistake, if reasonable care and caution was taken to avoid the accident or mistake.   In other words, the law is, that the penalty is recoverable in every case of wilful cutting of timber on the lands of another, or of inexcusable neglect to take proper precautions to avoid the trespass.   The policy of the law, says the court in *Mhoon* v. *Greenfield,* 25 Miss., 438, is "to protect this sort of property [trees] not always under the eye of the owner, peculiarly exposed to the depredations of the lawless, by making it very costly to invade it.   The penalty is the measure of punishment as well as remuneration.   .   .   .   The penalty has been merited because of the wilful and deliberate trespass."   *Perkins* v. *Hackleman,* 26 Miss., 46; *Exum* v. *Brister,* 35 Miss., 391; *Mhoon* v. *Greenfield,* 52 Miss., 438; *McCleary* v. *Anthony,* 54 Miss., 708; *Keirn* v. *Warfield,* 60 Miss., 807; *Lee* v. *Hawks,* 68 Miss., 669; *Crisler* v. *Ott,* 72 Miss., 166.

No answer can be made to the assignment of error predicated of the refusal of the court below to give, on apellant's demand, the charge which told the jury peremptorily to render a verdict in favor of all the plaintiffs for their share of the statutory penalty for the trees admitted by Taylor to have been cut wilfully and knowingly.

In Mechem on Agency, sec. 71, it is said of joint tenants and tenants in common: "In the case of tenants on the other hand, there is no implied authority in each to act for all, and the appointment of an agent by one does therefore bind that one only."   There can be no such thing as an implied agency between tenants in common, to sell timber, or to sell land or to sell minerals or anything else attached to the freehold. *Agnew* v. *Jones,* 74 Miss., 347; *St. Louis* v. *Gas Co.,* 98 Mo.,

197, s.c. 9 Am. St. Rep., 334; *Smelting Co.* v. *Tabor,* 13 Col., 41, s.c. 16 Am. St. Rep., 185; *Benedict* v. *Torrent,* 86 Mich., 181, s.c. 21 Am. St. Rep., 589; *Madison* v. *Larmon,* 62 Am. St. Rep., 369; *Mobley* v. *Bruner,* 59 Pa. St., 481; *Wing* v. *Milliken,* 91 Me., 387, s.c. 64 Am. St. Rep., 238; *Williamson* v. *Jones,* 43 W. Va., 562, s.c. 64 Am. St. Rep., 891; §§ 751, 752, code 1892.

The tenant in common could not himself cut the timber, and he could not authorize another to do what he could not do himself. I submit, therefore, that the record is absolutely silent on the question why these five plaintiffs should not have had a verdict on peremptory instruction for the statutory penalty.

*R. P. Willing, Jr.,* for appellee.

There was evidence to show that Bennett had authority from Albert Haley, one of the plaintiffs, and the general agent and manager of all of them, to sell the timber in controversy to Taylor, and, acting under that authority, Bennett did sell the timber to Taylor, and Taylor, in cutting the trees, did what he had a right to do under the contract made with Bennett. This question was left to the jury with proper instructions, and they found in favor of appellee.

But suppose Bennett did not have authority to sell the timber. Then the sale made by Bennett was ratified and confirmed by one of the plaintiffs, Jim Haley, and this being a joint action, if one plaintiff ratified the action of Bennett, the other plaintiffs cannot recover the statutory penalty.

A penalty cannot be divided. These parties were joint tenants of the entire tract, and each one had an interest in every tree cut down by Taylor. Each plaintiff had a one-eighth interest in every one of the trees which Taylor admitted that he cut. Their interests are inseparably interwoven, and when one falls, all eight of them must fall with him. *Stauffer* v. *Mortgage Co., ante,* 127.

If plaintiffs are allowed the statutory penalty, it will be the

harshest and most unconscionable judgment ever rendered in a court of justice. Taylor all along acted in good faith, and in the honest belief that he had a right to cut the trees. A mere technical trespass will not support this action for the statutory penalty. *McLeary* v. *Anthony,* 54 Miss., 708.

TERRAL, J., delivered the opinion of the court.

Eight tenants in common, among them two minors, brought an action for the statutory penalty of fifteen dollars a tree for cutting and removing from their lands five hundred pine trees. The defendant pleaded that he had cut down and removed from the lands of plaintiffs three hundred and sixty-five pine trees, but that he had done so upon a purchase of them from George Bennett, the sole tenant on the place, who claimed authority to make the sale, and the defendant believed him to have such authority.

The defendant showed that George Bennett was in possession of the *locus in quo,* and had been in possession thereof for nine or ten years under a contract of rent or purchase, and that Bennett claimed to be authorized by the Haleys to sell said timber to be sawed into lumber partly for the use of the place, and partly to have the advantage of a market while the defendant's sawmill was near by; and that, believing such authority, he cut and sawed into lumber three hundred and sixty-five trees.

Albert Haley, one of the adult tenants in common, and who attended to the management of the place, said in his testimony before the jury that he was not demanding the statutory penalty, but that all he wanted was whatever might be fair and just. It was shown that he had offered to take $300 in compromise of the claim, and had consented that his brother should compromise it at $200. There was evidence also tending to show that after Taylor had cut a small part of the timber two of the plaintiffs became acquainted with the fact, and made

no claim to the statutory penalty, but indirectly led Taylor to believe that his cutting of the timber was satisfactory to them.

The plaintiffs recovered a verdict for $91.25, and had judgment therefor, but take this appeal because the statutory penalty was not given to them. It is strenuously argued that the claim of authority of George Bennett to sell the plaintiff's timber, of itself, even if believed by Taylor, was incompetent to go to the jury on the question of good faith or for any purpose whatever, and that if the right to the penalty sued for of some of the co-tenants was affected by any conduct of theirs in inducing Taylor to believe that the cutting of the timber was satisfactory to them, yet the other co-tenants were entitled to recover their portion of the penalty by a peremptory instruction to the jury.

Upon the question of the good faith of Taylor in cutting timber from the plaintiffs' lands, we think that the declaration of George Bennett of his authority to sell the timber, and the evidence of the sale of the same by Bennett to Taylor was competent evidence to go to the jury, and whether it be sufficient to protect the defendant against the collection of the penalty is alone for the jury. *Clark* v. *Field,* 42 Mich., 342.

The right of action of co-tenants for trespass is a joint right, and whatever affects the right of one to recover will affect in like manner the right of each and all the others. The quantum of damages which any one of them may recover is the quantum to which each of the others will be limited. The assessment of the damages must be joint, and cannot be severed by the jury. *Merrill* v. *Inh. of Berkshire,* 11 Pick. (Mass.), 269, 274; Freem. on Co-tenancy, § 352; *Bradley* v. *Boynton,* 22 Me., 287, s.c. 39 Am. Dec., 582.

It would be incongruous to allow in the same action with a single count one of the co-tenants to recover fifteen dollars per tree and another one less than fifty cents per tree.

Albert Haley, in his evidence before the jury, led them to believe that he only wished for a fair and just sum as damages,

and other evidence in the case supported the jury in not affixing the statutory penalty. The matter has been settled by the jury, and the verdict being reasonable, and supported by evidence, the judgment is

*Affirmed.*