SULLIVAN, Appellant, vs. SHERRY and another, Respondents.

*September 24 — October 15, 1901.*

*Tenants in common: License by one to trespasser: Parties.*

1. If a cotenant or his licensee destroys the common property or converts it to his own use, he may be sued in trespass or trover to redress the wrong, whenever such a remedy would exist in the absence of the cotenancy.
2. Where property held in common has been converted by a stranger with the permission of one of the cotenants, the latter is not a necessary party to an action for the conversion.

APPEAL from an order of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action for damages for the wrongful cutting and removing of timber from certain lands and the conversion of such timber to the use of the wrongdoer. The complaint stated in substance that, during the fall and winter of 1897–98, Thomas Jennings and the Ingersoll Land & Lumber Company were owners and tenants in common of certain real estate described, during which time defendants, in conjunction with and by license of said lumber company, without the consent of said Jennings, entered upon and cut and car-

ried away from said land pine, basswood, elm, and oak trees, and turned the same into manufactured products, which, while in possession of defendants, were of the value of $1,223.87, and converted said timber and manufactured products to their own use, to the damage of said Jennings in the sum of $611.94; and that, prior to the commencement of this action, his right to recover for said wrong and his undivided interest in the land described were, for a valuable consideration, conveyed to plaintiff.

The defendants demurred to the complaint for defect of parties plaintiff, in that the lumber company should have been joined with the assignee of Jennings, and also because it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained.

For the appellant there was a brief by *Wheeler & Van Doren*, and oral argument by *F. F. Wheeler*. They argued, among other things, that a license from one cotenant is no defense in an action of trespass by the other cotenants. *Tipping v. Robbins*, 64 Wis. 546, 71 Wis. 507; 17 Am. & Eng. Ency. of Law (2d ed.), 674; 18 id. 1136; *Murray v. Haverty*, 70 Ill. 318; *Wilson v. Gamble*, 9 N. H. 74; *Baker v. Whiting*, 3 Sumn. 475; *Clow v. Plummer*, 85 Mich. 550; *Richey v. Brown*, 58 Mich. 435; 1 Addison, Torts (Wood's ed. 1876), §§ 420, 447; 2 id. § 1303.

For the respondents the cause was submitted on the brief of *Nathaniel S. Robinson*. He contended, *inter alia*, that this is an action of trespass *quare clausum fregit*. This form of action will not lie in favor of a tenant in common against his cotenant, or against one acting jointly with such cotenant. *Stoltz v. Kretschmar*, 24 Wis. 283; *Gunsolus v. Lormer*, 54 Wis. 633; *Sayles v. Bemis*, 57 Wis. 316; *Wait v. Richardson*, 33 Vt. 190; *Rawson v. Morse*, 4 Pick. 127; *Hastings v. Hastings*, 110 Mass. 285; 4 Kent, Comm. 370; *Darden v. Cowper*, 7 Jones, Law, 211; *Jacobs v. Seward*, L. R. 4 C. P. 328, L. R. 5 App. Cas. 472; *Von Orman v. Phelps*, 9 Barb. 500; *King v. Phillips*, 1 Lans. 434; *Walling v. Burroughs*, 8 Ired. Eq. 61.

MARSHALL, J.   The general rule is that one tenant in common cannot maintain trespass or trover against his cotenant or the latter's licensee of the joint property in respect thereto. · The trial court, supposing that such rule was controlling in this case, sustained the demurrer.   It is not infrequent that courts are misled into giving a general, the effect of a universal, rule.   There are but few of the former that are not subject to exceptions as well established and important as the general principle; and the rule in question does not belong to that few.   It is subject to several exceptions, one being that if a cotenant or his licensee destroys the common property or converts it to his own use, he may be sued in trespass or trover to redress the wrong wherever such a remedy would exist in the absence of the relationship between cotenants.   This court recognized and applied that doctrine at a very early date.   *Warren v. Aller*, 1 Pin. 479. It was there said to be well settled by modern decisions in such cases that the action of trover or trespass in favor of the injured party will lie.   For further instances where this court has sustained such actions, see *Bulger v. Woods*, 3 Pin. 460; *Earll v. Stumpf*, 56 Wis. 50; *Tipping v. Robbins*, 64 Wis. 546; *S. C.* 71 Wis. 507.   The authorities clearly indicate that the exception we have stated to the general rule is not a modern creation.   It has been recognized by courts and law writers at least from the time of the Year Books.   Co. Litt. 200*a*, 200*b;* 2 Crabb, Real Prop. § 2318*b;* 2 Waterman, Trespass, § 947; 17 Am. & Eng. Ency. of Law (2d ed.), 700; *Symonds v. Harris*, 51 Me. 14; *Clow v. Plummer*, 85 Mich. 550; *Omaha & Grant S. & R. Co. v. Tabor*, 13 Colo. 41; *Critchfield v. Humbert*, 39 Pa. St. 427; *Murray v. Haverty*, 70 Ill. 318.   In *Symonds v. Harris* the facts were that one tenant in common of a mill, without consent of his cotenant, removed and appropriated to his exclusive use the mill machinery.   The injured cotenant brought trespass *quare clausum*.   The general rule was invoked, that one tenant

cannot maintain such an action because in contemplation of law each such tenant is rightfully possessed of every part of the common property, and if one suffers injury by his cotenant obtaining the greater portion of the benefits from such property his remedy is by action for accounting. The court held that appropriation of the income, or mere use, of property was one thing, and appropriation of the corpus thereof another; that the former was a wrong remediable in an action for accounting, but the latter was a wrong sounding in tort, remediable by trespass or trover. The other authorities cited, and many more that might be cited, are to the same effect.

It is clear that the taking of the timber by defendants by permission of the cotenant of Jennings, and appropriation thereof to their exclusive use, indicated a clear determination to hold the same or the proceeds thereof as their sole property, and was such an ouster of Jennings and wrongful conversion of his property as brought them within the exception to the general rule as to remedies between cotenants, rendering them liable in trespass or trover. It also follows, necessarily, that the rule that cotenants must join as plaintiffs in an action for injury to the common property does not apply. Jennings's cotenant was a wrongdoer as well as defendants. All could have been joined or either have been sued separately. The interests of the cotenants were hostile to each other. The general rule for the joinder of cotenants is based on the theory that their interests are in harmony and that each is interested in the recovery. There was no defect of parties plaintiff and no insufficiency in the complaint to state a cause of action.

The order appealed from must be reversed, and the cause remanded with directions to the circuit court to enter an order overruling the demurrer.

*By the Court.*— So ordered.