165 So. 235

## HOLDER v. ELMWOOD CORPORATION.
### 6 Div. 799.

Supreme Court of Alabama.
Jan. 16, 1936.

412

Basil A. Wood, of Birmingham, for appellant.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

GARDNER, Justice.

The action is in trespass to realty, stated in numerous counts, to which demurrers were sustained, necessitating a nonsuit by plaintiff, and an appeal to review the rulings thereon.

There are but two major questions presented, so discussed by counsel in brief, and no necessity arises for a separate treatment of the several counts of the complaint. The pleadings disclose (with particular reference to counts 9 and 10) that plaintiff is one of the heirs of James F. Holder who died in June, 1916, and to whom, in May, 1916, defendant had sold right of interment to a plat designated as lot 241, in block 2, Elmwood Cemetery survey, situate in Elmwood Cemetery in the city of Birmingham, Ala.

It is upon this lot defendant is charged with having committed the trespass by unlawfully breaking into the same, and having the remains of one F. W. Antagnoli buried thereon.

To count 9 the sale contract of May, 1916, is made Exhibit A, and to count 10 the deed (after averment of payment of full purchase price) of June, 1919, purporting to convey the title to said lot is made Exhibit C, after the adoption of all of count 9.

The grantee in the deed is the "estate of James F. Holder," and for the purposes in hand, its insufficiency as a muniment of title may be conceded, for want of a grantee in being and capable of taking the estate conveyed. 8 Ruling Case Law 953; note 84 Am.St.Rep. p. 239; Simmons v. Spratt (Fla.) 1 So. 860; McInerney v. Beck, 10 Wash. 515, 39 P. 130; Jackson v. King, 82 Ala. 432, 3 So. 232; Carlisle v. Watts, 78 Ala. 486; Scott v. Brown, 106 Ala. 604, 17 So. 731.

Though title may be and often is drawn in question in actions of this character, yet the gist of the suit is the injury to plaintiff's possession (Lacey v. Morris, 215 Ala. 302, 110 So. 379; 63 Corpus Juris 903), and it would seem therefore that such deed may nevertheless be considered as color of title to be considered in connection with

possessory acts. 63 Corpus Juris 608. So likewise with the sale contract made exhibit to count 9.

This latter named count also shows that in the month following the sale contract, plaintiff's father died and his remains were interred in this lot with defendant's permission, and over its supervision, followed with the burial of the remains of his daughter in September, 1916, a son in 1919, and the widow in 1926, all with like consent and like supervision of defendant.

It is averred that since June, 1916, plaintiff, her brothers, sister, and mother have had continuous possession, and exercised ownership over said lot, installing grave markers, planting and replacing shrubs on the lot, placing flowers on the graves, all under the supervision of defendant and with its acquiescence and participation, and subject to defendant's rules and regulations.

■■ In considering the question of possession, the character of the real estate involved, the purpose for which it is used, and the condition in which it is permitted and desired to remain should all be considered. 63 Corpus Juris 904. So considered, we are persuaded the averments of counts 9 and 10 suffice to show actual possession by the heirs of James F. Holder under claim of ownership for more than ten years, and sufficient possession upon which to rest an action of trespass. Bessemer Land & Improvement Co. v. Jenkins, 111 Ala. 135, 18 So. 565, 567, 56 Am.St.Rep. 26.

The case of Bonham v. Loeb, 107 Ala. 604, 18 So. 300, cited by defendant, is readily distinguishable on the facts, and not in conflict with this conclusion.

■ Our decisions lay much stress upon the sacredness of the resting ground of the dead (Kerlin v. Ramage, 200 Ala. 428, 76 So. 360, L.R.A. 1918A, 142), and the exclusive right of interment and possession being shown, guard the spot against unlawful invasion and give a right of action for any illegal interference (Bessemer Land & Improvement Co. v. Jenkins, supra; Union Cemetery Co. v. Alexander, 14 Ala.App. 217, 69 So. 251; Carter v. Town of Avoca, 197 Iowa, 670, 197 N.W. 897; 11 Corpus Juris 64). "Where one buries his dead, therefore, in soil to which he has the freehold right, or to the possession of which he is entitled, it would seem there is no difficulty in his protecting their graves from insult and injury, by an action of trespass against a wrongdoer." Bessemer Land Co. v. Jenkins, supra; 11 Corpus Juris 65.

■ But it is insisted by defendant the complaint is to be construed as showing plaintiff's interest in the lot as only a tenant in common with other heirs of her father, and that as such she cannot prosecute this suit in her name alone. As applied to actions of this character (trespass to realty), it seems to be the general rule that tenants in common must join. Freeman on Co-Tenants (2d Ed.) § 347; Pruitt v. Ellington, 59 Ala. 454; Haley v. Taylor, 77 Miss. 867, 28 So. 752, 78 Am.St.Rep. 549; 63 Corpus Juris 972.

But the rule has its exceptions, as noted in Pruitt v. Ellington, supra, and as illustrated in Milner v. Milner, 101 Ala. 599, 14 So. 373, and Lowery v. Rowland, 104 Ala. 420, 16 So. 88. See, also, Poole v. Griffith, 216 Ala. 120, 112 So. 447; Sullivan v. Sherry, 111 Wis. 476, 87 N.W. 471, 87 Am.St.Rep. 890; and 62 Corpus Juris 565; 63 Corpus Juris 972. In Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40, 41, it was said that no one can share in the personal suffering or physical discomfort of another. "Two men may, from one cause, suffer alike, but the suffering of each is personal to each. 'Thus, if two persons are injured by the same stroke, the act is one, but it is the consequence of that act, and not the act itself, which is redressed, and therefore the injury (to the person) is several. There cannot be a joint action, because one does not share in the suffering of the other.'"

To like effect is the holding in Brookside-Pratt Mining Co. v. McAllister et al., 196 Ala. 110, 72 So. 18, 19, where the court said: "Several parties cannot sue jointly for injuries to their respective persons. The principle underlying the rule is that it is not the act which injures one or both, but the consequences of the act, in the way of damages, that determines whether plaintiffs should join or sever. One stroke or one word may injure two or more alike, in the person or in the feelings, yet their actions are separate and not joint. There can be no joint action in such cases because one cannot share the suffering or injury of the other."

■ Plaintiff in this action was careful to seek only such damages as were personal to her, of such a nature, as, under the foregoing authorities, could not be suffered by others. Her case is brought, therefore, within the influence of Brookside-Pratt Mining Co. v. McAllister et al., supra, resting as they do upon the theory that it is not the act but the consequence thereof that de-

termines whether the suit is to be joint or several.

The case more nearly in point is that of the New York Court of Appeals (Finley v. Atlantic Transport Co., 220 N.Y. 249, 115 N.E. 715, 718, L.R.A. 1917E, 852, Ann.Cas. 1917D, 726), where answering a like argument, it was said: "The counsel next asserts that there is a defect of parties plaintiff in that the brothers and sisters of plaintiff are not joined as parties plaintiff in the action. The plaintiff here seeks only to recover such damages as are personal to him. As the son of the deceased he had a right to receive the body for burial, and no reason exists why he should be obliged to join other next of kin in an action wherein he seeks compensation personal to himself."

Some of the counts were doubtless objectionable, but there is no necessity to here separately consider each count. We have treated the two questions discussed and have followed the method of treatment employed by respective counsel. Suffice it to say that those counts containing substantive matter hereinabove discussed, illustrated by counts 9 and 10, were, in our opinion, not subject to the demurrers interposed, and that the trial court fell into error in sustaining demurrers thereto. What has been said should serve the purpose of another trial so far as the present pleadings are concerned.

The foregoing expresses the views of the writer. The other members of the court, participating in a consideration of the cause, concur in the result, and in the conclusion that counts 9 and 10 state a cause of action. They are of the opinion, however, that these counts should more properly be construed as stating an action in case rather than trespass. Their views are fully stated in the special concurring opinion of Mr. Justice FOSTER. Otherwise they concur in the opinion as written.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

FOSTER, Justice (concurring specially). ██ The authorities are clear that when a trespass to realty is committed under circumstances of insult and contumely damages for mental suffering resulting as a proximate cause may be recovered in an action for the trespass. Mattingly v. Houston, 167 Ala. 167, 52 So. 78.

██ It is also settled law that when several plaintiffs maintain the action, the damages recoverable must be such as accrue to all of them alike, though it need not be in equal proportion. 47 Corpus Juris 55, § 111.

██ But where the legal interest in a cause of action is joint residing in several all those who are living must join. Harris v. Swanson, 62 Ala. 299; 47 Corpus Juris 62.

The action of trespass to realty in possession of tenants in common must be prosecuted, we think, by all those so in possession as the action is for the protection of the possession. Southern Rwy. Co. v. Hayes, 198 Ala. 601, 73 So. 945; Pruitt v. Ellington, 59 Ala. 454; 63 Corpus Juris 971. But it is also said in that case: "There are causes of action, in which they must, or may sever, and when they do sever, the recovery is graduated to the interest of the tenant suing." We think this case furnishes an illustration of a cause of action in which they must sever to recover damages for mental suffering. The nature of such damages is that it is severable, as held by this court in the cases cited by Justice GARDNER.

██ But we think that when the action is by joint tenants of property in possession, the action of trespass must be prosecuted by all, and it is insufficient to furnish a remedy for the recovery of mental suffering to them or any of them. We know of no other common-law form of action which is adapted to such a situation. So that it is one where there has been an injury for which none of the established forms of action will lie. When so, case will lie based upon the mere justice and conscience of the situation. "Whenever he shows that he has sustained damage from the tortious act of the defendant, for which the established forms of law furnish him no remedy," he may maintain an action on the case. Kelly v. McCaw, 29 Ala. 227, 231; Hussey v. Peebles, 53 Ala. 432, 435; Birmingham Water Works Co. v. Martini, 2 Ala.App. 652, 56 So. 830; 11 Corpus Juris 4, § 3.

The difference between us is in respect to the name of the action in counts 9 and 10. We think they should be treated and are only maintainable as in case.