JOHN F. DANIELL et al., as Executors of VERA L. S. DANIELL, Deceased, Appellants and Respondents, *v.* JOSEPHINE L. HOPKINS et al., Respondents and Appellants, and JOHN F. DANIELL et al., Respondents.

(Argued June 5, 1931; decided July 15, 1931.)

*A. Donald MacKinnon* and *Andrew Jackson* for plaintiffs, appellants and respondents. The vacant cemetery lot is subject to sale. (*Johnson* v. *Ocean View Cemetery*, 198 App. Div. 854; *Matter of Chauncey*, 191 App. Div. 359; *Lantz* v. *Buckingham*, 11 Abb. [N. S.] 64; *Ross* v. *Glenwood Cemetery Association*, 81 App. Div. 357; *Thompson* v. *Hickey*, 59 How. Pr. 434; *Spear* v. *Locust Wood Cemetery Co.*, 72 N. J. Eq. 821; *Woodland Cemetery Co.* v. *Stout*, 97 S. W. Rep. 756; *Birch* v. *Birch*, 209 App. Div. 892; *Darcy* v. *Presbyterian Hospital*, 202 N. Y. 259; *Stiles* v. *Stiles*, 113 Misc. Rep. 576; *Anderson* v. *Acheson*, 132 Iowa, 744; *Robertson* v. *Mt. Olivet Cemetery Co.*, 116 Tenn. 221; *Dickens* v. *Cave Hill Cemetery Co.*, 93 Ky. 385; *Derby* v. *Derby*, 4 R. I. 414; *Matter of Waldron*, 26 R. I. 84; *Gardner* v. *Swan Point Cemetery*, 20 R. I. 646; *Matter of Brick Presbyterian Church*, 3 Edw. Ch. 155; *Pitcairn* v. *Homewood Cemetery Co.*, 77 Atl. Rep. 1105; *Chew* v. *First Presbyterian Church*, 237 Fed. Rep. 219; *Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y. 503; *Trustees of First Baptist Church* v. *Bigelow*, 16 Wend. 28;

*Vielie* v. *Osgood,* 8 Barb. 130; *Wittemore* v. *Woodlawn Cemetery,* 71 App. Div. 257; *Went* v. *Methodist Protestant Church,* 80 Hun, 266; *Richards* v. *N. W. Protestant Dutch Church,* 32 Barb. 42.) The power of sale contained in the will gave the executors power to sell the vacant cemetery lot. (*Matter of Evans,* 234 N. Y. 42; *Matter of Buechner,* 226 N. Y. 440; *May* v. *Brewster,* 73 N. E. Rep. 546; *Matter of Gantert,* 136 N. Y. 106; *Holly* v. *Gibbons,* 176 N. Y. 520; *Rositzke* v. *Meyer,* 176 App. Div. 193; *Matter of McComb,* 117 N. Y. 378; *Matter of Heroy,* 67 Hun, 13; *Chamberlain* v. *Taylor,* 105 N. Y. 185; *Greenland* v. *Waddell,* 116 N. Y. 234; *Scholle* v. *Scholle,* 113 N. Y. 261; *Fowler* v. *Powers,* 200 App. Div. 155; *Matter of Powers,* 205 App. Div. 49; *Matter of Bolton,* 146 N. Y. 257; *Cahill* v. *Russell,* 140 N. Y. 402; *Erwin* v. *Loper,* 43 N. Y. 520.)

*William R. Conklin* and *Edward S. Bentley* for defendants, respondents and appellants. Error was committed in imposing an equitable lien upon the cemetery lot and directing that it be sold and that the administrator *de bonis non* of the estate of Russell Hopkins, deceased, be paid the amount of the alleged equitable lien claimed by it. (*Swarthout* v. *Rainier,* 143 N. Y. 499; *Seaward* v. *Davis,* 198 N. Y. 415; *Hogan* v. *Kavanaugh,* 138 N. Y. 417.) The interest of testatrix as the owner of the vacant cemetery lot was not subject to sale either for the purpose of satisfying an alleged equitable lien thereon, or for the purpose of paying her debts. (*Buffalo City Cemetery Co.* v. *City of Buffalo,* 46 N. Y. 503; *Clarke* v. *Keating,* 183 App. Div. 212; *Went* v. *Methodist Protestant Church,* 80 Hun, 266; *Whittemore* v. *Woodlawn Cemetery,* 71 App. Div. 257; *Anderson* v. *Acheson,* 132 Iowa, 744; *Robertson* v. *Mt. Olivet Cemetery Co.,* 116 Tenn. 221; *Dickens* v. *Cave Hill Cemetery Co.,* 93 Ky. 385; *Derby* v. *Derby,* 4 R. I. 414; *Matter of Waldron,* 26 R. I. 84; *Gardner* v. *Swan Point Cemetery,* 20 R. I. 646; *Brown* v.

*City National Bank*, 72 Misc. Rep. 201; 153 App. Div. 928.) The power of sale contained in the will did not give to the executors power to sell the decedent's real estate for the purpose of paying debts. (*Matter of McComb*, 117 N. Y. 378; *Matter of Heroy*, 67 Hun, 13; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Greenland* v. *Waddell*, 116 N. Y. 234.) The respondent administrator was not entitled to the imposition of an equitable lien in its favor, in the absence of proof that the moneys used by testatrix for the purchase of the cemetery lot were wrongfully taken from the estate of her first husband. There was no such proof. (*Leary* v. *Corbin*, 188 N. Y. 222; *Storm* v. *McGrover*, 189 N. Y. 568; *Schierloh* v. *Schierloh*, 148 N. Y. 103; *Foreman* v. *Foreman*, 251 N. Y. 237; *Sinclair* v. *Purdy*, 235 N. Y. 245.)

*Robert W. Bernard* for Equitable Trust Company of New York, as administrator *de bonis non* of the estate of Russell Hopkins, deceased, respondent. An equitable lien was properly imposed in favor of the defendant administrator upon the unused cemetery plot. (Real Prop. Law, § 450; Memb. Corp. Law, § 85.)

POUND, J. Mrs. Vera L. S. Daniell, wife of John F. Daniell, formerly Mrs. Hopkins, wife of Russell Hopkins, deceased, died February 16, 1928, leaving her husband, John F. Daniell, and the four infant defendants, children of her prior marriage with Mr. Hopkins. She left a last will and testament which empowered her executors " to sell and convey any or all of the real estate of which I may die seized for such prices and on such terms as they shall see fit." While this power of sale was linked up with a gift to her husband and children of the net proceeds of such sale, she had also directed that her debts be paid and it must be inferred that she had this fact in mind when she executed her will with such power of sale. (*Matter of Gantert*, 136 N. Y. 106.) She died

seized of a burial plot in Sleepy Hollow Cemetery at Tarrytown, which she had purchased on July 10, 1920, after her second marriage, for which she had paid $36,570. She had also, after the death of her first husband, purchased another lot known as the Hopkins burial lot, paying therefor, with a mausoleum thereon, $41,425. The mausoleum contained crypts for six bodies. Mr. Hopkins' body alone is interred therein. Mrs. Daniell's body has not been buried in either lot. It remains in the receiving vault of Sleepy Hollow Cemetery. The Daniell lot has never been used for burial purposes.

Mrs. Daniell died insolvent. She was the executor of the will of her former husband, Russell Hopkins, deceased. The executors of her will brought this action for a declaratory judgment asking that the court so construe the will as to empower them to sell the Daniell burial lot. The Supreme Court has full jurisdiction to determine the effect of the disposition of real property by will in this State. (Decedent Estate Law; Cons. Laws, ch. 13, § 47.)

The defendant John F. Daniell joined in the prayer for relief. The infant defendants put the plaintiffs to their proof by a formal denial of the material allegations of the complaint. The defendant The Equitable Trust Company of New York, as administrator *de bonis non* of the estate of Russell Hopkins, deceased, interposed an answer asking for a declaratory judgment adjudging that it had an equitable lien on the Daniell burial lot for moneys paid by Mrs. Daniell therefor out of the funds of Russell Hopkins, deceased. The Special Term granted judgment for plaintiffs for the relief demanded in the complaint, subject to an equitable lien in favor of The Equitable Trust Company. The Appellate Division modified the judgment by providing merely for the sale of the cemetery lot to enforce the equitable lien.

The primary question to be answered is whether the power of sale contained in the will of Mrs. Daniell is

broad enough to include the burial lot in question. A burial lot is doubtless real property (Real Prop. Law; Cons. Laws, ch. 50, § 2; General Construction Law; Cons. Laws, ch. 22, § 40), but the purchaser of such a lot acquires not a title in fee simple thereto, but only the right to hold the lot for burial purposes. The rights in the lot are limited and circumscribed. Sleepy Hollow Cemetery granted, bargained, sold and conveyed lot No. 2700, section 84, Ephron, to Mrs. Daniell, her heirs and assigns: " To have and to hold the aforesaid premises to the said party of the second part, her heirs and assigns forever; Subject * * * to such qualifications, restrictions and conditions as are contained in the laws of the State of New York, relating to lots and lands which are laid out and used for cemetery purposes, and to the Rules and Regulations of the Board of Directors governing said Cemetery as set forth on the back " of the deed.

The rules and regulations, as far as here material, provide: " All lots are conveyed, and are to be held, subject to the act of the Legislature of the State of New York, authorizing the incorporating of Rural Cemeteries, passed April 27, 1847 (L. 1847, ch. 133), and of the several subsequent acts which have been passed relating to such Cemeteries. * * * *Lots, after an interment, become forever inalienable and cannot be sold.* * * * Upon the death of the owner, unless the lot be disposed of by a last will and testament, it will descend to the ' heirs at law, and to their heirs at law, forever.' "

Section 84 of the Membership Corporations Law (Cons. Laws, ch. 35), so far as material, provides: " Title and rights of lot owners. * * * All lots, plats or parts thereof, the use of which has been so conveyed as a separate lot, shall be indivisible, except with the consent of the lot owner and the corporation, or as in this article provided. *After a burial therein the same shall be inalienable,* except as otherwise pro-

vided. Upon the death of an owner of such lot the title thereto shall pass to his heirs-at-law or devisees, subject, however, to the following limitations and conditions:

\* \* \* \* \* \* \* \*

" (c) if he leaves children and no widow, they or the survivor of them, shall in common have the possession, care and control of such lot during the life of the survivor of them."

Section 85 of the Membership Corporations Law, so far as material, provides: " Title and conveyance of lots *in which there is no burial. If no burial be made in any such lot*, \* \* \* the lot owners, with the consent of the corporation, may sell such lot. \* \* \* A lot owner may convey or devise to the corporation his right and title in and to any such lot."

The infant defendants take the position that no cemetery lot can be subject to sale by the executors of the will of the lot owner for the purpose of paying his debts. They maintain that, although Mrs. Daniell might herself have sold the lot before a burial had been made therein, upon her death the rights previously vested in her came to an end; that her executors did not succeed to her title and could not exercise any power of sale; that this extravagant burial plot and mausoleum must pass for all time to the grantee and her heirs, inalienable and in perpetuity.

If we part from the letter of the law and apply the rule of reason to the interpretation of statutes and regulations under which a burial lot is held in this State, it clearly appears that the court should enforce such statutes and regulations liberally in order to protect the cemetery and to prevent indecent strife over the ground in which interments of dead bodies have been made but that no such sanctity attaches to a burial lot in which no interments have been made. It is the first burial that consecrates the ground. (*Love* v. *Robinson*, 219 Penn. St. 469, 475, 476.)

The case might be different if the burial lot had been bought to provide a suitable resting place for the remains of the purchaser when dead and if his family or executors had sought to thwart his wishes by withholding the body from burial in order to sell the lot to pay debts or legacies. Proper provision for a burial place is a paramount consideration in the administration of the estate of a deceased person. But here we have a woman who with one expensive burial place provided, acquires another at great cost and dies insolvent. Admittedly a man might desire to change his lot for one more eligible. A woman might desire to be laid at rest beside her second husband rather than her first. We do not deny the abstract right to acquire a second burial lot. A reasonable latitude must be allowed to protect the legitimate desires of the deceased as viewed in the light of all her surroundings. But at all times the executors might prefer to sell the lot selected before a burial thereon and buy one more in keeping with the condition of the estate. Nothing in the statutes or rules would seem to prevent. (Surrogate's Court Act, § 216, § 234, subd. 2; § 314, subd. 3.)

Here the executors were justified in withholding Mrs. Daniell's body from interment in her second burial lot in order, if possible, to conserve her estate against an extravagant desire on her part for another resting place for her earthly remains. The power passed to them, in the absence of any intervening equities, to sell the unused lot. We take the words of the statute, " after a burial therein the same shall be inalienable " and of the regulation, " lots, after an interment, become forever inalienable and cannot be sold " as implying, in this case, that the lot may be sold before a burial therein, under the rules and regulations of the cemetery and that the converse of the proposition stated in the statute is equally true.

No evidence satisfactorily establishes that Mrs. Daniell misappropriated money belonging to the Hopkins estate to put into the Daniell burial lot. She was entitled to

a substantial share of the Russell Hopkins estate, which was considerable in amount. In the absence of proof that Mrs. Daniell unjustly enriched herself by drawing on the Hopkins estate to buy the Daniell burial lot it cannot be assumed that the basis for an equitable lien exists merely because estate moneys went into the purchase. The award of an equitable lien to the defendant representative of the Hopkins estate was, therefore, improper. (*Swarthout* v. *Ranier*, 143 N. Y. 499, 503.)

The judgment of the Appellate Division should be reversed and that of the Special Term modified by striking therefrom the provisions for an equitable lien and for costs and as so modified affirmed, without costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.