In the Matter of the Application of EMPIRE MONUMENT COMPANY, Petitioner, Appellant, for a Mandamus Order against RICHARD J. LEWIS, Sheriff of Albany County, New York, Respondent. MARY C. ROSS and MICHAEL J. PLUNKETT, Intervenors, Respondents.

Third Department, October 27, 1937.

*Ernest L. Boothby,* for the appellant.

*Louis R. Yaguda,* for the respondent.

*Charles J. Duncan* of counsel, for the intervenors, respondents.

*Charles J. Tobin,* for St. John's Roman Catholic Church, *amicus curiæ.*

HILL, P. J. Petitioner has appealed from an order denying its application for peremptory mandamus directing the sheriff of Albany county to sell at public auction under an execution a cemetery lot and mausoleum belonging to Mary C. Ross and Michael J. Plunkett. The petitioner, on February 15, 1933, obtained a judgment against the owners of the cemetery lot for the balance agreed to be paid for the erection of the mausoleum thereon. An execution was delivered to the sheriff on September 14, 1936, and a levy made. The sheriff published an advertisement of the sale to be held on November sixteenth. After the publication and before the day of the sale Mary C. Ross notified the sheriff in writing that she was the owner of the lot and claimed that, under the provisions of section 450 of the Real Property Law and section 670 of the Civil Practice Act, it was exempt from levy and sale under an execution. The sheriff refused to make the sale unless and until the judgment creditor furnished him with an indemnifying bond. The sheriff appeared on the application for the order appealed from and restated his refusal to proceed with the sale unless a court so directed or a bond was given.

A burial lot is real property. The purchaser from a cemetery association does not acquire a title in fee simple, but only the right to hold the lot for burial purposes under such conditions and restrictions as may appear in his deed. A lot in which no burial has been made, purchased from the owners of a cemetery in which burials have been made in other lots, is alienable and may be sold under a power of sale in a will by the executors of a grantee and the proceeds applied to the payment of the debts of the estate. It

is the first burial in an individual lot that consecrates it and makes it unalienable. (*Daniell* v. *Hopkins*, 257 N. Y. 112.) The burial lot which is the subject of this suit is in Calvary Cemetery, town of Bethlehem, Albany county. St. John's Church Corporation owns and controls the cemetery, and has appeared on this appeal and filed a brief. Its interest and title will not be affected by a sale of the lot, which will be made subject to all the limitations, restrictions and conditions contained in the grant to the judgment debtor. While her interest in the lot is real property, she holds subordinate to the rights of the trustees and directors of the church, as stated in the conveyance to her. The value of her interest will be lessened because the lot may be transferred only to purchasers of a certain class under prescribed rules, conditions and restrictions. However, her interest is property and valuable, and may be sold under the execution unless it is exempt by statute. (*Daniell* v. *Hopkins, supra; Powell* v. *Waldron*, 89 N. Y. 328; *Ritterband* v. *Baggett*, 4 Abb. N. C. 67; *Grocers' Bank* v. *Murphy*, 60 How. Pr. 426; *Londheim* v. *White*, 67 id. 467.)

The lot is not exempt under section 670 of the Civil Practice Act. It is not " land, set apart as a family or private burying ground," and the record does not show that the requisite claim of exemption has been recorded in the office of the clerk of Albany county as required by that section. Section 450 of the Real Property Law since the amendment of 1918 (Chap. 404) specifically provides " cemetery lands in which interments have not been made may be sold under execution to satisfy a valid judgment of a court of record." Under a declaratory judgment, an individual burial lot was sold to obtain money to satisfy the claims of creditors of an insolvent estate. (*Daniell* v. *Hopkins, supra.*)

The order denying the application for peremptory mandamus should be reversed on the law and facts, with costs, and the application granted, with costs.

RHODES and BLISS, JJ., concur; HEFFERNAN, J., dissents in a memorandum in which McNAMEE, J., concurs.

HEFFERNAN, J. (dissenting). I dissent from the opinion of Presiding Justice HILL and vote to affirm the order appealed from. It seems to me that the exception contained in section 450 of the Real Property Law does not apply here. That exception refers to " cemetery lands." I do not believe those words apply to cemetery lots.

McNAMEE, J., concurs.

Order denying application for peremptory mandamus reversed on the law and facts, with costs, and application granted, with costs.