79 So.2d 48

**SMITH & GASTON FUNERAL DIRECTORS, Inc.**

v.

**Maude Gray WILSON.**

6 Div. 685.

Supreme Court of Alabama.

March 24, 1955.

G. P. Benton, Fairfield, and Wm. L. Clark, Birmingham, for appellant.

Wm. B. McCullough and Kingman C. Shelburne, Birmingham, for appellee.

GOODWYN, Justice.

Maude Gray Wilson, plaintiff below and appellee here, brought action against appel-

·laht, Smith and Gaston Funeral Directors, Inc., to recover damages growing out of an alleged trespass upon the grave of plaintiff's husband. The suit was commenced on January 24, 1952.

The case was tried on counts A, B, C, D, E, and F which charge the defendant with trespassing upon a lot or plot of land in the Grace Hill Cemetery in which plaintiff's deceased husband, Eli Gray, was buried in 1937. The suit seeks recovery of damages for mental anguish as well as punitive damages.

For the purposes of this appeal, it may be said that the counts, in substance, aver that the defendant, through its servants, agents and employees, while acting within the line and scope of their employment and authority as such, during the months of May, June, July, August and September, 1950, willfully, wantonly and intentionally trespassed upon the said grave lot and disturbed, desecrated and obliterated the said grave and its marks of identification. The jury returned a verdict in favor of plaintiff for $500. This appeal is from the judgment of the circuit court rendered pursuant to said verdict. There was no motion for a new trial.

It appears from the evidence that Grace Hill Cemetery was acquired by defendant in 1948; that for many years prior to that time, the care of the cemetery had been neglected; that during the spring and summer of 1950 the defendant took steps to clear a part of the cemetery of an overgrowth of vines and weeds and to open up some of the roadways; and that it was in the doing of this work that the trespass to the grave of Eli Gray was committed.

It further appears that Grace Hill Cemetery has been in operation for more than sixty years; that it consists of about 25 or 30 acres west of Montevallo Road and south of Elmwood Cemetery, in Jefferson County, and is divided into five sections known as A, B, C, D, & E; that it consists of a great number of small burial plots or sites; that Eli Gray was buried in Section E, where only single graves were sold; that the other sections have block and lot numbers, evidencing, as we understand it, plots

for multiple burials. Although privately owned, it is our view that it is properly classified as a "public cemetery", in contrast to a "private cemetery", and we have so dealt with it here. Smith and Gaston Funeral Directors, Inc. v. Dean, post, p. 600, 80 So. 2d 227.

It further appears that plaintiff did not get a deed to Eli Gray's burial site but that said site was given a grave number for which she paid $15. It further appears that in 1938 the plaintiff had a concrete slab erected over Eli's grave for which she paid $35. The slab showed the name "Eli Gray", together with the date of his birth and death. Plaintiff testified that this grave was located near a sweetgum tree; that she visited the grave three or four times a year; that the last time she saw it in good condition was in 1949; that she attempted to locate the grave after her daughter's death in 1951; that on this occasion the concrete marker and the sweetgum tree were gone; that the ground around the grave had been pulled down and torn up; that she could not identify the spot where her husband was buried; that she bought the lot through the undertaker and picked out the lot herself; that in paying for the funeral, there was an additional amount added to pay for the grave and that the undertaker handled it as a matter of convenience for her.

The questions presented on this appeal are stated in appellant's brief to be as follows:

I. "The first, and probably the most important, is: Did the trial court err in refusing to give the general affirmative charge requested in writing by the defendant (appellant)? The answer to this question might well hinge upon a determination of the question as to whether the plaintiff's right of action, if any, was based upon a trespass to land coming within our six-year statute of limitations (Title 7, Section 21, Code of Alabama of 1940), or was based upon an action of trespass on the case coming within our one-year statute of limitations (Title 7, Section 26, Code of Alabama of 1940)."

II. "The second question involves the propriety of the action of the trial court in overruling the defendant's objections to evidence tending to show damage to other graves other than the grave of the deceased in question, which other graves were in other sections of the cemetery far removed from the grave involved in this litigation."

III. "The third question, or the third class of questions, relates to the action of the trial court in overruling the defendant's demurrer to the several counts upon which the case was submitted to the jury."

The answers to questions II and III have, we think, been sufficiently dealt with in the case of Smith and Gaston Funeral Directors, Inc. v. Dean, Ala., 80 So.2d 227[1]. We there held against appellant's contentions and see no need for further discussion of these two questions here.

■ To a certain extent we have also, in the same case, answered question No. I. In that case the claim was for punitive damages only. There was no claim for mental anguish as in the present case. The problem now presented is to determine whether the present action is one in case, rather than in trespass, since damages for mental anguish, as well as punitive damages, are sought. Appellant seems to rely principally on the specially concurring opinion in Holder v. Elmwood Corporation, 231 Ala. 411, 414, 165 So. 235, as supporting its contention that the action is in case. The further insistence is that since it is an action in case it is barred by the statute of limitation of one year. Code 1940, Tit. 7, Sec. 26, supra. Our view is that the action is in trespass, that it is subject to the statute of limitation of six years, and is not barred. Code 1940, Tit. 7, Sec. 21, supra. In the Holder case one of the heirs of a grantee of a right of interment in Elmwood Cemetery sought to recover damages for mental anguish only for trespass to the lot. The other heirs did not join in the suit. It was held that the heir who brought the suit could maintain it.

The difference between the members of the court participating in a consideration of that cause was with respect to the nature of the action there brought by the one heir. All of the participating justices agreed that the plaintiff could maintain the cause of action. Justice Gardner, later Chief Justice, wrote that he thought the action was one in trespass. The other three justices concurred in the result reached by Justice Gardner, but joined in a special concurrence in which they stated their view that the action was one in case. It is to be noted that in the instant cause the plaintiff is the grantee of the right to bury her deceased husband in the cemetery plot and, as such, is the sole owner of the possessory interest in the plot or burial site. Accordingly, her situation is different from that of the plaintiff in the Holder case which dealt with tenants in common. There are no tenants in common with the plaintiff here who must join with her in prosecuting the action. Although plaintiff and her deceased first husband, Eli Gray, have living children and other heirs at law, they are not tenants in common with plaintiff of Eli's burial site.

■ That mental anguish is recoverable in an action of trespass to property committed "under circumstances of insult or contumely" is well recognized. B. F. Goodrich Co. v. Hughes, 239 Ala. 373, 379, 194 So. 842, 847; Louisville & N. R. Co. v. Fletcher, 194 Ala. 257, 259, 69 So. 634; Mattingly v. Houston, 167 Ala. 167, 52 So. 78. See, also, Bessemer Land & Improvement Co. v. Jenkins, 111 Ala. 135, 151, 18 So. 565, 569, 56 Am.St.Rep. 26, where, in an action of trespass quare clausum fregit for removing a body from a grave, it was held:

"It is nowhere denied, that in actions of this character, when maintainable, the injury to the natural feelings of the plaintiff may be taken into consideration in estimating the damages."

But the claim for mental anguish in connection with a claim of general damages for a trespass and for punitive damages does not change the nature of the suit from being that of a trespass to one in case.

Since the question is not now presented, we pretermit discussion of what the rights of plaintiff's and Eli's children and other heirs at law would have been, had they been, at the time of the trespass, tenants in common of the possessory right to Eli's burial site. As noted in Smith and Gaston Funeral Directors, Inc. v. Dean, Ala., 80 So.2d 227 [1], supra, only three of the justices joined in the specially concurring opinion in the Holder case, supra, and we do not now wish to be understood as passing on the question there discussed.

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.