83 So.2d 248

**Mrs. Virgil (Virginia) HOGAN**

v.

**WOODWARD IRON COMPANY.**

**6 Div. 824.**

Supreme Court of Alabama.

Nov. 3, 1955.

Lipscomb, Brobston, Jones & Brobston and R. L. Jones, Bessemer, for appellant.

B. J. Dryer, Woodward, for appellee.

**SIMPSON, Justice.**

The appellant seeks to review an adverse judgment wherein she declined to plead further after the trial court sustained demurrer to her complaint.

Appellant, in brief, thus correctly postulates the issue: "The sole and ultimate question to be decided on this appeal is whether a daughter can recover damages for mental suffering as a result of injury to the burial plot of her deceased father, where on the face of the complaint, it affirmatively appears that the surviving spouse of said father is still living."

Recent decisions of this court in Smith and Gaston Funeral Directors, Inc., v. Dean, 262 Ala. 600, 80 So.2d 227, and Smith & Gaston Funeral Directors, Inc., v. Wilson, 262 Ala. 401, 79 So.2d 48, have carefully considered difficulties surrounding cases involving interference with burial sites and have clarified the law as to the issues presented; but we have not been called upon heretofore to rule upon the instant problem.

In recognizing the right of a daughter to maintain an action against one who had disturbed the grave of her father, in Holder v. Elmwood Corp., 231 Ala. 411, 165 So. 235, the members of the court sitting concurred that a cause of action was stated, but were unable to decide as to the form of the action. Justice Gardner thought the action to be in trespass; Chief Justice Anderson, Justices Bouldin and Foster held to the view the action to be upon the case. But regardless of this difference of opinion,

the court granted redress. Justice Gardner observed:

"Our decisions lay much stress upon the sacredness of the resting ground of the dead (Kerlin v. Ramage, 200 Ala. 428, 76 So. 360, L.R.A.1918A, 142), and the exclusive right of interment and possession being shown, guard the spot against unlawful invasion and give a right of action for any illegal interference (Bessemer Land & Improvement Co. v. Jenkins, supra [111 Ala. 135, 18 So. 565]; Union Cemetery Co. v. Alexander, 14 Ala.App. 217, 69 So. 251; Carter v. Town of Avoca, 197 Iowa 670, 197 N.W. 897; 11 Corpus Juris 64). * * *" Holder case, supra, 231 Ala. at page 413, 165 So. at page 237.

The case before us is distinguishable from the Holder case, however, in two respects: (1) The plaintiff here seeks actual, punitive and mental anguish damages; and (2) the suit is brought by a daughter while the widow is still living.

▇▇ Upon thorough examination of our decisions concerning interference with burial sites, we note that in every case before us the proper parties plaintiff have been the surviving spouse or the next of kin, in order (or the question of proper parties was not raised). Among the cases see Smith and Gaston Funeral Directors, Inc., v. Dean, supra; Smith & Gaston Funeral Directors, Inc., v. Wilson, supra; Holder v. Elmwood Corp., supra; Bessemer Land & Improvement Co v. Jenkins, 111 Ala. 135, 18 So. 565; Bonham v. Loeb, 107 Ala. 604, 18 So. 300. From the foregoing cases and from our consideration of the ties that bind the survivors to the deceased, we conclude the rule applicable to parties plaintiff in a case of this kind to be: In the event of damage to the grave of a deceased person, the right of action, if any, accrues first to the surviving spouse unless, of course, there are special circumstances, such as a failure of the surviving spouse to act, or the couple was separated at the time of death and an heir or next of kin had the deceased interred. See Gostkowski v. Roman Catholic Church, etc., cited infra. If there is no surviving spouse, the right is in the next of kin in the order of their relation to the deceased. The logic of this rule is well stated in a similar New York case wherein the Court of Appeals, through Chief Justice Pound, held:

"As to the son's case, we conceive the rule to be that the surviving spouse whose duty it is to bury the deceased has the sole right to sue, during his or her lifetime, for damages due to interference with the dead body. To such a one is intrusted the duty to guard the dead. True it may be that he may neglect to exercise such right. Others may then act. Possibly the surviving members of the deceased's family might join as plaintiffs (Boyle v. Chandler, 3 W.W.Harr. 323 [33 Del. 323], 138 A. 273), but it is inconceivable that each member of the family could maintain a separate action to recover for mental pain and anguish. In the multitude of such actions there is injustice. The son, therefore, had no cause of action. The complaint was properly dismissed. Const. art. VI, § 8." Gostkowski v. Roman Catholic Church, etc., 262 N.Y. 320, 325, 186 N.E. 798, 800.

This rule also prevails in Kentucky: Johnson v. Kentucky-Virginia Stone Co., 286 Ky. 1, 149 S.W.2d 496; North East Coal Co. v. Pickelsimer, 253 Ky. 11, 68 S.W.2d 760.

The rule above stated is consonant with this court's expressions as to the right of action for unlawful interference with the burial of deceased relatives. Southern Life & Health Ins. Co. v. Morgan, 21 Ala. App. 5, 105 So. 161, certiorari denied 213 Ala. 413, 105 So. 168; Jefferson County Burial Soc. v. Scott, 218 Ala. 354, 118 So. 644.

We are unable to pronounce error in the holding below.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.