SHORES, Justice.
The City of Montgomery brought this action against Whitesell alleging that he owned property upon part of which a cemetery exists, and that the condition of the property constituted a nuisance detrimental to the public health and welfare.
Whitesell cleared part of the property, but refused to clear that part which contained graves. It was his contention that he did not own that part of the land upon which graves are situated.
Whitesell acquired the property in 1967 by deed which, after describing the entire property, contains the following:
“And for the same consideration, there is hereby assigned to the Grantee herein all of the Grantor’s rights in and to that certain lease between Lincoln Park Cemetery Company and White Chapel Brown-Service Funeral Homes, Inc., recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Deed Book 536, at Page 318.
“This conveyance is subject to the aforesaid lease.
“This conveyance is also subject to burial lots heretofore conveyed by Lincoln Park Cemetery Company.”
The trial court, after hearing the evidence, found that Whitesell was the owner of:
. . that certain public cemetery located in the City of Montgomery, and known as ‘Lincoln Park Cemetery’ by vir.tue of a Corporation Warranty Deed dated March 28,1967 from Continental Company, Inc., and that the purchaser of a lot *702 in said public cemetery, though the deed be absolute in form, does not convey title thereto, but the mere privilege or license to make interments in the lot so purchased, and as such owner, the Defendant, Calvin M. Whitesell, must maintain said cemetery in a safe, decent and healthful condition.”
Whitesell appealed from this judgment. We affirm.
Whitesell argues that the persons who bought the burial plots are the fee simple owners of those lots; that lots previously conveyed were expressly excluded in the conveyance to him; and that he, therefore, is under no obligation to maintain them because he does not own them. In support of this argument, he offered “sample deeds” to burial plots dated in 1910, 1918 and 1945. - Each of these “deeds” purport to convey lots in Lincoln Park Cemetery according to a plat in the “office of Lincoln Park Cemetery.” Each contains the following:
“To Have and to Hold unto said grantee, heirs, executors and administrators forever, in fee simple for the purpose of using same as a place of burial subject to all rules and regulations for the government of said Cemetery and said lot which has been or which may be bought adopted by the Lincoln Park Cemetery Company.”
This court has held, as have most jurisdictions, that:
“ ‘The courts quite generally hold * * that the purchaser of a lot in a public cemetery, though the deed be absolute in form, does not take any title thereto. The mere privilege or license to make interments in the lot so purchased, exclusive of all others, is all that is acquired thereunder.’ ” Kerlin v. Ramage, 200 Ala. 428, 76 So. 360 (1917).
This rule was again stated in Smith and Gaston Funeral Directors v. Dean, 262 Ala. 600, 605, 80 So.2d 227, 230 (1955):
“One who buys the privilege of burying his dead kinsmen in a public cemetery thereby acquires no general right of property. He acquires only the right to bury the dead, for he may not use the ground for any other purpose than such as is connected with the right of sepulture. Beyond this, his title does not extend. He does not acquire, in the strict sense, an ownership of the ground; all that he does acquire is a right to use the ground as a burial place. . . . ”
There is no question that the cemetery involved in this case is a public one as defined by this court. Smith and Gaston Funeral Directors v. Wilson, 262 Ala. 401, 79 So.2d 48 (1955). The rule followed in Alabama is stated at 14 C.J.S. Cemeteries § 25, as follows:
“. . . ordinarily, the purchaser of a lot in a cemetery, although under a deed absolute in form and containing words of inheritance, is regarded as acquiring only a privilege, easement, or license to make interments in the lot purchased, exclusively of others, so long as the lot remains a cemetery, and the fee remains in the grantor subject to the grantee’s right to the exclusive use of the lot for burial purposes. The lot owner’s title to the lot is a legal estate, and his interest is a property right entitled to protection from invasion, but only in a restricted sense does it constitute an interest in real property. . . . ”
At 14 Am.Jur.2d, Cemeteries § 25, the following appears:
“According to the rule prevailing in nearly all jurisdictions, one who purchases and has conveyed to him a lot in a public cemetery does not acquire the fee to the soil, but only a right of burial therein which has been variously designated as an easement or as a license or privilege. . . . Also, the rule that the purchaser does not acquire a title in fee has been applied to conveyances of lots in private cemeteries which employ the ordinary language of a fee simple deed, but include terms limiting the use to the burial of the dead, and impose various conditions, regulations, and restrictions.”
*703 The trial court correctly held that White-sell was the owner of the property involved. Its judgment is, therefore, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.