MADDOX, Justice.
Wanda White, Regina Baker, Robert D. Smith, and Josie Smith commenced this action in the Circuit Court of Jackson County to enjoin the Ebenezer Baptist Church, Inc., and the church trustees (Judson Clark, Herbert L. Pace, and Farris Schrudder) from disturbing the monuments and memorials located in the church- cemetery and from charging a fee for burial lots. Additional plaintiffs were added by amendment.
The Ebenezer Baptist Church is located in the Bryant community on Sand Mountain in northeastern Jackson County. In 1909, the church acquired title to land on which a cemetery was located. The grant to the church provided that the land was to be used for cemetery and school purposes.
Families in the Bryant community have buried their loved ones in this cemetery for many years and these families have largely assumed the duties of caring for the cemetery. Some families placed low walls or curbs around the areas claimed as family plots. A number of these family plots were filled when this action was commenced, while others contained considerable vacant space (one plot is 76 feet long, but contains only four graves).
The families met to clean the cemetery one day a year in August (Decoration Day). For several years, Dewey Smith did most of the actual work of cleaning the cemetery and at the end of the day, a collection was made from all the families to pay him. Dewey Smith became unable to care for the cemetery, and each of the families assumed the responsibility for its plot. As a result, some of the plots were well tended, but others were neglected.
In October 1984, the Ebenezer Baptist Church held a congregational meeting and voted to assume responsibility for the maintenance of the cemetery. The church planned to establish a perpetual fund to pay for the maintenance. To provide money for this fund, the church decided to sell the remaining lots in the cemetery at a reasonable price, including those empty lots located in family plots. In order to make the maintenance of the cemetery easier, a decision was made to clear brush, to remove curbs and fences, which surrounded some of the family plots, and to level the terrain.
The church posted notices in and around the cemetery in August 1984, announcing its intention to improve the cemetery in the manner stated. These notices were posted prior to Decoration Day. Church members began working in the cemetery in July or August of 1985. The church members removed a concrete block curb around one of the family plots and prepared the soil for sowing grass seed. As soon as the family members realized that this work was being done, they commenced this action.
The trial court, with the agreement of the parties, entered a temporary injunction until the matter could be heard on the merits. An ore terms hearing was held on this matter on January 29, 1986. After hearing the evidence and viewing the property, the trial court entered a judgment for *1013 the plaintiffs. The trial court stated the following in its order:
“2. That the defendants are enjoined from prohibiting or interferring with or charging a fee for the use of any vacant grave sites for future burials of the plaintiffs or their relatives or next of kin uñthin the 7 enumerated and specifically described ‘family plots’ set forth above;
“3. That the defendants are enjoined from removing, destroying, or altering in any way any tombstones, footstones, decorations or other monuments which have been erected at existing grave sites occupied by the deceased remains of any of the next of kin of the plaintiffs within any of the 7 enumerated plots, and any other areas of the cemetery where the plaintiffs have next of kin interred, including the ‘Moore family plot,’ the ‘Winters family plot,’ and the ‘Reeves-Barton family plot’; subject to the right of the defendants to maintain supervision over said tombstones, footstones, decorations and other monuments and grave sites, which supervision includes the limited purpose of removing any overgrowth of weeds or other wild vegetation, and the restoration or repair or removal of such monuments, markers or other decorations on said occupied grave sites [as] are or shall become in such ruinous condition as to disfigure the cemetery, after reasonable advance notice to such of the plaintiffs as are next of kin of the deceased person interred therein, and failure by next of kin to take such action themselves;
“4. The defendants are further enjoined from disturbing the interred remains of any deceased person who is next of kin of any of the plaintiffs in said cemetery, and without [sic] and from altering the configuration of such graves themselves without the express consent of such of the plaintiffs as are next of kin of said deceased persons.
“5. That the injunction and order of this court shall not be construed in any way to interfere or to impair in any way the right of the defendants to charge fees for or to sell unused grave sites within said cemetery located anywhere in said cemetery other than the 7 specifically enumerated ‘family plots’ found by this court to be existing.”
I
The first issue raised is whether the church has the right, for maintenance purposes, to disturb or alter any mounds, monuments, or footstones on any gravesite.
This Court has recognized many times the sacredness of burial grounds. Hogan v. Woodward Iron Co., 263 Ala. 513, 83 So.2d 248 (1955); Kerlin v. Ramage, 200 Ala. 428, 76 So. 360 (1917). The rule in Alabama regarding a cemetery lot is that the purchaser acquires “only a privilege, easement, or license to make interments in the lot purchased, exclusively of others, so long as the lot remains a cemetery, and the fee remains in the grantee subject to the grantee’s right to the exclusive use of the lot for burial purposes.” Whitesell v. City of Montgomery, 355 So.2d 701, 702 (Ala.1978). This easement or privilege, however, entitles the next of kin of the deceased to maintain an action against the owners of the fee (in this case the church or its trustees) or strangers who, without right, desecrate or invade the burial lot of another. Smith & Gaston Funeral Directors, Inc. v. Dean, 262 Ala. 600, 80 So.2d 227 (1955).
The trial court in this case relied on a similar case in Illinois, Brown v. Hill, 284 Ill. 286, 119 N.E. 977 (1918). In Brown, suit was filed against the trustees of the Bethsaida Church to prevent the trustees from changing the original plat of the cemetery and to prevent the trustees from destroying monuments on family plots. The trial court granted an injunction in favor of the plaintiffs, and the trustees appealed to the Supreme Court of Illinois.. The Illinois court stated:
“Even though a purchaser, or one who is permitted to use a lot in a cemetery, obtaining it by adverse possession, may not acquire a fee-simple title but simply an easement, and must use it subject to and in accordance with the reasonable *1014 by-laws and rules of the cemetery, yet he has a property right in his lot which the law recognizes and protects from invasion, whether it be by a mere trespasser or from the unauthorized and illegal acts of the directors of the corporation itself. Moreover, his remedy is commensurate with his rights, and he may maintain either trespass for damages or obtain a remedy by injunction to enforce and uphold his rights whenever necessary. The right of possession will continue so long as the cemetery continues to be used for that purpose. 5 R.C.L. 245. The right of burial in a cemetery is not an absolute right of property but merely a privilege or license, to be enjoyed so long as the place continues to be used as a burial ground, subject to municipal regulation and control, and legally revocable whenever the public necessity requires.
U * # #
“While the trustees have a right to replat that portion of the cemetery not occupied for burial purposes and change the size of the lots if they desire to do so, in so doing they have no right to interfere in any way with the size of the old lots as platted and occupied theretofore. The trustees would have no right to sell to others any portion of any of the old lots as platted and occupied for burial purposes, nor could they in any way encroach upon any old lot as theretofore platted and occupied, even though the encroachment was not of sufficient extent to interfere in any way with the remains of any deceased person theretofore buried on such lot.”
284 Ill. at 293-94, 119 N.E. at 980-81.
The record in this case reveals that the Ebenezer Baptist Church has permitted and acquiesced in an indiscriminate use of the cemetery over the years. The church has never established rules and regulations regarding the use of monuments, mounds, or footstones and has never charged a burial fee. We are of the opinion that the plaintiffs have such rights of possession in the area where their family members are already buried as will entitle them to an injunction against the church and its trustees to prevent them from disturbing the grave sites.
II
The second issue raised is whether the trial court correctly concluded that seven of the plaintiffs have acquired an easement by prescription in their- family plots. The church contends that the boundaries and borders around the family plots can be removed to facilitate maintenance of the cemetery by the church. The church also contends that it can sell unused sites in family plots.
In Union Cemetery Co. v. Alexander, 14 Ala.App. 217, 220, 69 So. 251, 253 (1915), the Court of Appeals stated that “[A] formal deed is not necessary to confer the exclusive right to use a lot in such cemetery for burial purposes, and it may be acquired by prescription when adverse possession for the purpose is held for the statutory period.” Such adverse possession must be characterized by a use which is adverse to the owner of the premises over which the easement is claimed, under claim of right, which is exclusive, continuous, and uninterrupted, with actual or presumptive knowledge of the owner. Fisher v. Higginbotham, 406 So.2d 888 (Ala.1981).
The trial court found that the evidence at trial established that seven of the families had an easement by prescription in their family plots. The evidence reveals that some of the seven families have boundary markers surrounding their family plots, which evidence an open, adverse, notorious, and hostile claim of possession. The other plaintiffs established easements by prescription by maintenance of the unused grave sites in such a manner that it is apparent that a definite grave site is in existence or by the erection of a tombstone with the name of the person to be buried in the future. We are of the opinion that the trial court correctly concluded that seven of the plaintiffs have established an easement by prescription and that the church is not entitled to destroy boundaries or to sell unused grave sites in the family plots.
*1015 The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur.